# CHARLESTON.

CHRYSTAL *et al.* v. PRESTON COUNTY COURT *et al.*

Submitted October 22, 1918.   Decided November 15, 1918.

**1.** HIGHWAYS—*Contract for Road Improvement—Power—Advisory Committee.*

A contract for permanent road improvement, made by a county court pursuant to a bond issue election voted and carried by the voters of a district, is not void because an advisory committee of citizens provided for by said bond issue election and appointed by such court was not consulted concerning the making thereof, such committee having no other power than to advise the court. (p. 116).

**2.** SAME—*Order Submitting Bond Issue—Construction of Road.*

The language of an order submitting a bond issue to a vote of the people, describing one of the roads to be improved as "beginning at the Maryland line" and extending to a certain other point named, does not prescribe the manner or order of beginning and carrying on the improvement, but is only descriptive of the road to be improved; and, unless otherwise limited, the county court may, when it has not sufficient fund to complete the entire road, build first such portions of it as, in its judgment, are most needed and will best accommodate the greatest number of citizens. (p. 117).

**3.** SAME—*Jurisdiction of County Court—Discretion in Location of Roads.*

By the Constitution and statutes of this State county courts are given jurisdiction of the establishment and regulation of roads and, unless restricted by conditions in the order submitting a bond issue election to a vote of the people, necessarily have a wide discretion as to the location of such roads and the order in which they shall be improved. (p. 118).

Appeal from Circuit Court, Preston County.

Suit for injunction by Edward T. Chrystal and others against the County Court of Preston County and others. Decree for defendants, and plaintiffs appeal.

*Decree affirmed.*

*A. G. Hughes, F. E. Parrack* and *P. J. Crogan,* for appellants.

*Vester B. Dunn, J. V. Gibson* and *C. William Cramer,* for appellees.

WILLIAMS, JUDGE:

Edward T. Chrystal and four others, citizens and tax-payers of Portland District, Preston County, brought this suit to enjoin the County Court of said county and Charles Spindler from carrying out a contract for permanent road construction. The court sustained a demurrer to the bill and, plaintiffs declining to amend, dismissed it, and plaintiffs have appealed. The case is now before us on a motion to reverse, leave thereof having been granted on the 17th of September, 1918.

The questions of bonding said district in the sum of $280,-000 to improve certain roads therein and of authorizing a levy to provide a sinking fund to discharge the bonds when they became due were legally submitted to the voters thereof and carried. In the order of submission, the road in question was described as:

"A fifteen foot concrete road beginning at the Maryland line, just west of Hutton, Maryland, and extending to and through the town of Terra Alta; thence to and through the Town of Albright to the Pleasant District line."

The bill alleges that the order submitting the matter to the voters provided for a committee of three citizens, to be appointed by the County Court, "to confer with the court in all transactions pertaining to the sale of said bonds and the expenditures of the proceeds thereof;" that the citizens of Portland District selected, as such committee, Calvin De-Berry, M. F. Walls and Eli Albright; that the County Court made an order on the 31st of January, 1916, ratifying and confirming the selection of said committee "to aid, assist and advise with the court in the construction of the roads pursuant to said road bond election;" that the County Court entered into a contract with the defendant Charles Spindler, without advising or consulting with said citizens committee, for the construction of parts of the road at the extremities thereof as follows: "leading from the Maryland line to Terra Alta, a distance of 3.9 miles for $80,000, and leading from the Pleasant District line by way of and through the town of Albright to the bridge over Daugherty Run in the town of St. Joe, length 3.4 miles," for $95,000, provided the grading

to be done did not exceed twelve thousand cubic yards, and one dollar per cubic yard for all excavation over that quantity. The contract relating to that part of the road last above described is the one of which plaintiffs complain. The bill alleges that the contract with Spindler provides for the building of three or four miles of permanent road on either end of the route voted to be improved, leaving a space of about ten ·miles between, for the improvement of which there will be no available funds; that after the completion of the Spindler contract, provided the excavating does not exceed twelve thousand cubic yards, there will remain only about $81,500 of the permanent road fund with which to improve the ten miles, not under contract, between St. Joe and Terra Alta, which is inadequate.

Plaintiffs contend that the County Court violated the provisions of the order submitting the bond issue to a vote of the people, in that it did not advise with the citizens committee before entering into the contract with Spindler; in determining the parts of the road to be first improved; in providing for the building of something over seven thousand feet of road up Muddy Creek, paralleling the Pleasant District line between the town of Albright and the said district line, beyond a point where a substantial iron bridge spanned said creek, which point should have been regarded by the court as the end of the road; and in making no provision for building a permanent road through the town of Terra Alta.

The bill having been dismisssed on demurrer, its allegations must be taken as true. It does not appear why the County Court refused to advise with the citizens committee, the selection of which it had approved by order of record. But its failure to do so is not fatal to the contract. The committee's powers were only advisory, it had no power to control or prevent the action of the County Court, which was empowered by law to expend the fund. Its powers were much more limited than were the powers of the committee in *Lawson* v. *County Court*, 80 W. Va. 612. In that case the order submitting the bond issue to a vote provided that, in case it carried, the committee named should have power to approve the selection of the engineers who were to have

charge of the construction work, to approve the plans and specifications and the contract for the work, and further provided that the work was not to be paid for "until inspected and approved by said advisory committee." Here the committee has no such power, it could only advise the court who would still be at liberty to adopt or reject the advice or suggestion, as to it might seem best. But in the Lawson case the committee acted in conjunction with the county court, and its approval was made an essential prerequisite to the validity of the contract for the work, and the right of the court to accept and pay for the work after it was completed. Here no such conditions or provisions are contained in the order submitting the bond issue to the voters. While in that case, by the very terms of the order, the committee was invested with some of the powers which otherwise belonged to and would have been exercised by the county court, here the committee has no power to prevent or restrain the court in the exercise of its discretion over the matter in question.

The language of the order submitting the question to the voters describing the road to be improved as, "beginning at the Maryland line," etc., is only descriptive of the road. It was not intended to prescribe the place of beginning the permanent work, nor the method or order in which the work should be carried on. The County Court had the right to apply the fund on such portion, or portions of the road where, in its opinion, it was most needed and where it would serve the greatest number of people. Likewise it had the discretion to determine the necessity or expediency of building the seven thousand feet of road up Muddy Creek beyond the point where the iron bridge spanned said creek and connected with a road in Pleasant District. On the map exhibited with the bill the road voted to be permanently improved appears to run parallel with the Pleasant District line for some distance but does not cross the line until it reaches the point to which the contract with Spindler provides it is to be improved, and, while it is true, as alleged in the bill, the road might have been shortened considerably more than a mile by connecting with the Pleasant District line at the iron bridge, still the court was not bound to stop at that

point. While the County Court was limited in the expenditure of the fund to the road actually within the district voting the bonds, it had the right to consider the points intended to be reached outside of the district by the road, and locate it with a view to its becoming a permanent road by its being thereafter improved by other districts and counties. No part of the road under contract lies outside of Portland District, and the point where it should be made to connect with the Pleasant District line was a matter to be determined by the County Court. *Brown* v. *County Court,* 78 W. Va. 644. According to the aforesaid map the road under contract is the most direct road leading from the town of Albright to the town of Valley Point in Pleasant District, and the citizens of Portland District no doubt understood, when they voted on the question, that it was the road to be improved, and the court seems to have followed strictly the terms of the order of submission in undertaking to improve the road to that point where it crosses the district line.

In respect to the County Court's failure to provide for building the road through the town of Terra Alta, the bill does not allege that the court does not intend to do so in the future; nor does it appear that the road does not connect with a paved street leading through said town on a direct line of the public road. If the road does not connect with a street which is not in fact improved, and on the location of the road, more than enough of the fund will be left, after the completion of that part of the road already under contract, to permanently improve such street. By section 24, Art. 8 of the Constitution, and Sec. 9, Ch. 39 of the Code, the county courts are given jurisdiction over the establishment and regulation of roads, and, incidental to such jurisdiction, have a wide discretion. When the County Court saw that the fund derived from a sale of bonds was not sufficient to improve permanently the road throughout its entire length in the district, it could lawfully apply the fund to the improvement of such parts of it as, in its judgment, would accommodate the greatest number of citizens.

The motion to reverse is overruled and the decree appealed from affirmed.          *Decree affirmed.*