# CHARLESTON.

IN RE PETITION OF W. N. VINEYARD AND OTHERS, TO REVIEW
THE ACTION OF THE ATTORNEY GENERAL OF THE STATE
OF WEST VIRGINIA IN APPROVING THE VALIDITY OF ROAD
BONDS OF GEARY DISTRICT IN THE COUNTY OF ROANE,
STATE OF WEST VIRGINIA.

Submitted October 3, 1922.   Decided October 17, 1922.

1. HIGHWAYS—*Order Submitting to Voters Bond Issue to Build
   Road Held Not Void for Uncertainty of Location.*

    An order of a county court submitting to the voters a
    proposition to issue bonds to build a road embodied therein
    the petition filed by the requisite number of voters and also
    the report of the road engineer thereon.  The petition de-
    scribes the proposed road as, "Beginning at or near mouth
    of Hurricane, at hard road from Spencer, Walton to Clen-
    denin, thence the most economical and practical route to
    intersect the state road from Clay, W. Va., to Spencer, W.
    Va.;" and the report of the engineer designates the road as
    running from "Hurricane to Newton," and gives the length
    in miles thereof.  There was no such uncertainty in  the order
    of submission as to the location of the proposed road as to
    render the order of submission, or the election held there-
    under, void, or to justify this court in nullifying the approval
    by the attorney general of the bonds authorized for the con-
    struction of the road.  (p. 53).

2. SAME—*Terminal and Location of Proposed Road Not Defi-
   nitely Fixed in Petition for Bond Election Presumed Left
   to Discretion of County Court.*

    When the petitioners in their petition fix definitely but
    one of the termini of a proposed road, or both only in a gen-
    eral way, and the voters approve the proposition by a vote
    authorizing bonds for the construction thereof, they will be
    regarded as having left it to the discretion of the county court
    to determine the exact location of the terminus not fixed, and
    of the road between the points so determined.  (p. 55).

2.  SAME—*Posting Notice of Bond Issue to Build Road Seven Days After Order and Thirty Days Before Election, Held Posting Forthwith, as Required by Statute "Forthwith."*

Where, within seven days after the entry of an order of the county court submitting to the voters a proposition to issue bonds to build a public road, and more than thirty days before the day appointed for the election, the clerk posts in his office and at the front door of the court house copies of such order, considering the nature of the duty, there has been substantial compliance with the statute requiring copies of such order to be posted "forthwith." (p. 55).

4.  SAME—*Error of Clerk in Date of Posting Notice of Bond Issue Election Not Considered on Appeal.*

Where the clerk in his affidavit filed with the attorney general has made a mistake as to the time of such posting, such mistake will not be regarded here on appeal from the order of approval by the attorney general of the bonds authorized, especially when the error is corrected by an amended affidavit of the clerk filed on the hearing here. (p. 56).

Petition by W. H. Vineyard and others to review the action of the Attorney General in approving the validity of road bonds of Geary District, in the County of Roane, State of West Virginia, authorized by the County Court of Roane County.

*Opinion of Attorney General approved.*

*S. P. Bell,* for relators.

*John W. Lance,* Prosecuting Attorney, and *W. E. R. Byrne,* for respondent.

MILLER, JUDGE:

Petitioners presented their petition to have us review the action of the attorney general in approving over their protest certain road bonds for Geary District, Roane County, authorized by the county court of that county after submission of the proposition involved to the voters of that district.

In accordance with section 3, chapter 57 Acts 1917, section 18, chapter 47A Code 1918, the attorney general has transmitted to the clerk of this court all papers, documents, evidence and records which were filed before him, and also a

written statement or opinion giving his reasons for his approval of said bonds, as required by statute.

We are asked to reverse the action of the attorney general upon several grounds. The first is that the description of the proposed road in the petition presented to the county court and the order of the court thereon, of July 11, 1922, were and are so vague as to have been misleading to the voters, and that the subsequent order of the court, of August 7th, pending publication of the notice required, attempting to supply the omissions of the former order was not published the requisite time before the election and was therefore abortive.

As described in the petition and order of the court, the road to be improved was as follows: "Beginning at or near mouth of Hurricane, at hard road from Spencer, Walton to Clendennin, thence the most economical and practical route to intersect the state road from Clay, W. Va. to Spencer, W. Va."

The petition to the county court also contained the following appeal or petition to the State Road Commission, as follows: "We do further petition State Road Commission to locate said State road through Geary District from Clay, W. Va. to Spencer, W. Va."

The order of correction of the county court, of August 7, 1922, referred to was as follows: "It appearing to the court that by oversight and inadvertence there was omitted from the order entered in this matter on July 11, 1922, the fact that the northern terminus of the road proposed to be improved as shown in former order, is to be at Newton, this county, the court doth now declare it to be its intention, if said proposed bond issue be approved at said election, to fix the northern terminus of said road at Newton, and to locate the same from the bridge at the mouth of Left Hand up Sandy to Newton."

The order of the county court, of July 11, 1922, submitting the proposition to the voters and ordering the election to be held on August 18, 1922, recites the petition and describes the road as proposed therein, and also recites the report in full of the road engineer, to whom by order of June 22, 1922,

the subject of the probable cost of the contemplated construction was referred, which report shows that the road estimated by him was one from "Hurricane to Newton," and the length, "twelve miles, 7,750 cu. yd. (Unclassified) per mile."

As this report became a part of the order, and the order was published as the notice to the electors of the election, as required by law, we do not see how any voter could have been misled or deceived as to the location of the road. The order of the county court, of August 7, 1922, pending the publication of the prior order and notice was merely declaratory of the former order, and though it was not published for the full time required for notices of such elections, after the entry of the order, we do not think the omission was fatal, for without it we think the original order and the publication of it constituted substantial compliance with the statute, so far as the description and location of the road to be constructed is concerned. The order of August 7th, supplementing the original, would bind the county court and prevent a subsequent departure from the original proposition as defined thereby. The contention that this order changed the beginning of the road from the mouth of Hurricane to the mouth of Left Hand is without merit. When properly read, the order means that the road was to begin at the mouth of Hurricane, then to go by way of the bridge at the mouth of Left Hand, and from there to Newton, to intersect with a state road referred to in the petition to run from Clay to Spencer. That road had not yet been actually selected as a state road, but was manifestly one of the state roads contemplated, and if built as suggested would go by way of Newton. Certainly the one terminus at the mouth of Hurricane, at the hard road from Spencer, Walton to Clendennin, was fixed and certain, and from there it was to go by the most economical and practical route to intersect the contemplated state road, thus leaving it to the discretion of the county court to determine what route would best fulfil the requirements. Moreover, to save this right, the order of July 11, 1922, said: "The court understands and doth so order that the description of the road herein con-

tained is a general description, and may be changed as to location from point to point or from place to place when by so doing greater economy of construction is secured or greater good to the citizens of the county and to the state can be obtained.''

In response to this point of protest and in giving his reasons in disregarding it the attorney general refers to our cases of *Chrystal* v. *County Court*, 83 W. Va. 114, and *Brown* v. *County Court*, 78 W. Va. 644. The holding of these cases in substance and effect is that when petitioners in their petition fix definitely but one of the termini of a proposed road, or both in a general way only, the intention of the voters must be interpreted as leaving the exact beginning as well as the route of the road to the discretion of the court, to be exercised under the general power of the court to locate and establish roads, bridges etc.

Of course when the voters by the referendum plainly tie the county court down to a particular plan and to definite termini and location and vote the money to construct a road in accordance therewith, the court can not materially vary therefrom in executing the commission of the electorate. *Harner* v. *County Court*, 80 W. Va. 626; *State* v. *England*, 86 W. Va. 508.

Another proposition urged upon us in criticism of the approval of the attorney general is that copies of the order of the county court submitting the proposition to a vote of the electors were not ''forthwith'' posted by the clerk in a conspicuous place in his office and at the front door of the court house; that as a matter of fact such copies were not posted for nearly a month after the making of the order and only eleven days before the election, thereby depriving the voters of the requisite notice required by section 106 of chaptr 112 Acts 1921. The attorney general answers this proposition, saying that ''forthwith'' being a relative term, there was substantial compliance with the statute. It now appears from an amended affidavit of the clerk that he posted copies of said order in his office and at the front door of the court house on July 19, 1922, instead of August 8, 1922, as stated in a former affidavit, which was an unintentional error. If

posted on July 19th, there was substantial compliance with the statute as to posting it "forthwith". There is no contention in this court that there was omission to publish the order in newspapers or to post the same at the voting places, as there was before the attorney general. His report shows that the petitioners were in error as to the facts respecting these matters, and they were apparently abandoned in argument here. Whether the reasons given by the attorney genral for his conclusion respecting the time of posting be sufficient or not we need not say, for we see by the amended affidavit of the clerk, not controverted, that the copies of the order were posted, not on August 7th, but on July 19th, only seven days after the entry of the order and practically a month before the day of the election. We think there was substantial compliance with the law requiring posting forthwith.

As applied to public officers this term has usually been construed to mean within a reasonable time, in the reasonable course of the orderly conduct of the business of the office, with all reasonable dispatch, but always to be manifested by the circumstances and the nature of the duty to be performed. 26 C. J. 997-8-9, and notes; *Dickerman* v. *Northern Trust Company*, 176 U. S. 181, 192.

The case as presented to us is not upon appeal or writ of error, but as upon original writ, as several times repeated in other like cases. The fact that the amended affidavit was not before the attorney general is therefore unimportant. It is now before us, and we ought not reverse his judgment and require him to disapprove the bonds when petitioners have not shown themselves entitled to such relief. An original writ will not be issued out of this court if in fact the basis for relief has no foundation and it will accomplish no purpose. *West Virginia National Bank* v. *Dunkle*, 65 W. Va. 210; *Hall* v. *Staunton*, 55 W. Va. 684.

As all other material points presented are comprehended and disposed of in those already considered, we will not further consider them.

Our opinion is to approve the judgment of the attorney general and to deny the relief prayed for by petitioners.

RITZ, JUDGE (*Concurring in the result*) :

I concur in the result denying to the petitioners any relief in this case, but upon the ground that this Court is without jurisdiction to consider the matters raised by the petition, for the reasons stated by me in my concurring opinion in *State ex rel Allen* v. *England,* 86 W. Va. 508-515. I consider it unnecessary to again restate these reasons.

*Opinion of Attorney General Approved.*