C. M. PAYNE, treasurer, plaintiff in error, *vs.* A. M. PER-
KERSON, sheriff, defendant in error.

1 Pleadings cannot be waived.
2 *Mandamus* absolute cannot issue at Chambers.
3 *Mandamus* absolute cannot issue against a county treasurer directing him
   to pay a claim alleged to be due to the sheriff, but which is neither stated in
   the affidavit of the latter to be due him by the county, nor to have been
   demanded by him from the treasurer, nor from any other officer of the
   county.
4 The treasurer never having had notice of the proceedings upon which the
   order was based, the judgment was not binding upon him.

*Mandamus.* Pleadings. Waiver. County matters. Judg-
ments. Before Judge PEEPLES. Fulton County. At Cham-
bers. February 12th 1876.

Reported in the decision.

JOHN T. GLENN, by JACKSON & LUMPKIN, for plaintiff
in error.

JOHN L. HOPKINS, for defendant.

WARNER, Chief Justice.

It appears from the record in this case that the sheriff of
Fulton county made out an account containing a list of pris-
oner carried to and from the jail of said county to the superior
court, at different terms thereof, amounting to the sum of
$756 25, which was sworn to by him as being true and cor-
rect, on the 20th of June, 1876. It also appears that an agree-
ment was entered into, between the attorney for the sheriff
and the ordinary of Fulton county, that a formal applica-
tion for a writ of *mandamus* should be waived, and that
the presiding judge should hear and determine the motion
for a *mandamus* absolute, as if the same had been formally
presented, and that he might determine the same at his con-
venience. This agreement was not signed by the county
treasurer. It further appears from the record, that on the

12th of February, at chambers, the presiding judge passed the following order: "It is considered and ordered that the foregoing amount is a just and proper charge on the county treasury, and that a *mandamus* absolute issue requiring and commanding the payment of the same." On the same day, the clerk of the superior court of Fulton county issued a peremptory writ, in pursuance of said order, directed to C. M. Payne, county treasurer of Fulton county, commanding him to pay the said sum of $756 25, in obedience to the aforesaid order. Service of this writ was acknowledged by Payne on the 14th of February, 1876, and payment of the amount specified therein was demanded of him by the sheriff's attorney on the same day, which was refused. To the granting of the aforesaid order and judgment by the presiding judge, Payne, the county treasurer, excepted.

The granting of the order and judgment as set forth in the record, was error: First, because there were no pleadings which would have authorized the judge, under the law, to pass such an order or judgment. By the twenty-first common law rule of court, no consent to dispense with pleading will in any case be allowed: See Code, section 204; *Central Bank et al. vs. Johnson & Smith*, decided at the last term. Second, if the pleadings could have been waived by consent, Payne, the county treasurer, against whom the writ was ordered to be issued, was no party to that consent or agrement. Third, the writ of *mandamus* was ordered to be issued at chambers, and not in term time. Whereas, the statute allows writs of *mandamus, quo warranto,* and prohibition, to be granted at any time, on proper showing made, but requires that the return thereof shall be made in *term time:* Code, section 3201; *Doughty, Pearson & Company vs. Walker,* 54 *Georgia Reports,* 595. Fourth, the account made out by the sheriff is not made out against the county of Fulton, nor does he state in his affidavit that the amount of the account is due him by the county, or that he has ever demanded payment thereof of the county treasurer, or of any other officer of the county. Fifth, Payne, the county treasurer, against

whom this order and judgment was awarded, never had any notice of the proceedings upon which it was obtained, was no party thereto, and never had his day in court to be heard or to show cause, so far as the record discloses, why the order and judgment requiring and commanding him, as county treasurer, to pay the said account of $755 25, should not be granted. The first notice that he appears to have had of the proceeding was on the 14th of February, 1876, when he acknowledged service on the writ of *mandamus* issued by the clerk in pursuance of that order and judgment, and waived a copy thereof, and refused to pay the amount claimed therein when demanded of him by the sheriff's attorney. On the statement of facts contained in the record, this judgment is, in one respect, like that peace of mind of which we read, it "passeth all understanding," especially all *legal* understanding.

Let the judgment of the court below be reversed.