## THE PEOPLE *ex rel.* A. V. Whitney *et al.*

### *v.*

## THE MASONIC BENEVOLENT ASSOCIATION.

*Filed at Ottawa May 14, 1881.*

MANDAMUS—*petitioner's pecuniary interest must be involved.* A writ of *mandamus* will not be awarded to a party until he shows that he has a clear legal right which is denied, and that the denial of the right affects his pecuniary interest. It will not be granted to settle a mere fancy question. So the court refused to entertain a petition for a writ of *mandamus* to compel the officers of a "Masonic Benevolent Association" to declare the adoption of a certain amendment which had been proposed to the constitution of the association, the question involving a construction of that constitution as to the requisite vote to carry an amendment, it not appearing that the petitioner had any pecuniary interest in the settlement of the question.

This was a petition filed in this court for a writ of *mandamus,* based upon an agreed statement of facts.

98    635
137   301
98    635
60a   555
98    635
215   623

Mr. H. P. BUXTON, for the relators.

Messrs. CRAIG & CRAIG, for the respondent.

Per CURIAM: This was a petition for a peremptory writ of *mandamus,* to compel the officers of the Masonic Benevolent Society of Central Illinois to declare the adoption of an amendment to the constitution of that body. The following is an agreed statement of facts of the case:

The Masonic Benevolent Association of Central Illinois was organized by the adoption of a constitution on the 28th day of May, 1874, the 13th article of which is:

"Sec. 1. These articles, or any of them, may be amended or abolished by a two-thirds vote of all the members of the association, voting either in person or by proxy, at any annual or special meeting called for that purpose, after due notice of such intended change shall have been presented at a meeting of the association at least one year previous, and due notice of said action forwarded to each member at least thirty days previous to the meeting at which such action is to be taken."

At the regular annual meeting of the association, held June 11, 1879, the association had 2319 members. At that meeting there were present 41 members in person, and 470 represented by proxy; total, 511. At said meeting the association voted on a proposed amendment to the constitution, and the vote stood 344 for and 137 against the proposed amendment; that none of the members voting proxies were instructed by their principals how the same should be voted, on any question; that one of the members voted 200 proxies in favor of the proposed amendment, for the purpose, as stated by him at the time, of obtaining the opinion of the president as to whether it would take two-thirds of all the members of the association to carry the amendment; that the president decided the amendment was not carried, for the reason that it did not have the votes of two-thirds of all

the members of the association in its favor, against which decision relator and others protested, but said member voting said 200 proxies did not protest against said decision.

It is further agreed, that if the court shall be of opinion, under all the facts of the case, that two-thirds of all the members of the association are necessary for the adoption of an amendment to the constitution, then the court shall so find, and refuse a peremptory writ of *mandamus* herein; but if the court shall be of opinion that only two-thirds of all the members of the association who voted, either in person or by proxy, is necessary to carry such amendment, then the court shall order a peremptory writ, commanding the officers of the association to declare the amendments voted on at said meeting adopted, as shown by said proceedings.

The question arises, whether from this agreed state of facts it can be inferred that petitioners have shown the slightest pecuniary interest in the settlement of the question raised by the petition. From the most careful consideration of the facts, we are unable to find they, or either of them, have. It is merely to settle a dispute whether or not a particular proposed amendment to the constitution of the association was adopted. We do not see, nor can we determine, that the decision of the question, one way or the other, can or will affect the pecuniary interest of either petitioner. It has ever been held, that relief will not be granted to a petitioner until he shows that he has a clear legal right which is denied, and that the denial of the right affects his pecuniary interest. This is a mere fancy question, that will not, as now presented, be considered or determined by the court.

The writ of *mandamus* is denied.

*Mandamus denied.*