STATE OF MISSOURI EX REL. G. S. MEPHAM, Respondent,
v. ST. LOUIS PAINT MANUFACTURING
COMPANY ET AL., Appellants.

**St. Louis Court of Appeals, April 6, 1886.**

MANDAMUS—CORPORATIONS—STOCK CERTIFICATES.—The officers of a
business corporation can not be compelled, by mandamus, to cancel
a certificate of stock and issue others in lieu thereof without proof
that they are under a legal duty to do so, and that their refusal so
to do will result in a pecuniary injury to the applicant which can
not be recovered in an action at law.

APPEAL from the St. Louis Circuit Court, GEORGE
W. LUBKE, Judge.

*Reversed and writ quashed.*

DYER, LEE & ELLIS, for the appellants : Mandamus
will not lie to compel a corporation to issue stock cer-
tificates. *The State ex rel. v. Rombauer*, 46 Mo. 155 ;
*The State ex rel. v. Lubke*, 15 Mo. App. 152.

BOYLE, ADAMS & McKEIGHAN, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The relator filed his petition for a writ of mandamus
against the defendant corporation, its president, and
secretary to compel them to issue to him, in lieu of one
certificate of stock for thirty-three shares, which he held
in the capital stock of the corporation, three certificates
for ten shares each, one for two shares, and one for one
share. The relator states as his only reason for the ap-
plication, and as his only ground for relief, that he de-
sired to hold the stock in other and different form than
in one certificate, and, therefore, presented the certificate
held by him for cancellation, and demanded the issue of
five certificates as above, and that the corporation and its
officers declined to comply with the request. The de-
fendants moved to quash the writ issued on this petition,
by demurring to the petition. This motion was over-

ruled and a peremptory mandamus awarded. Hence this appeal.

That mandamus will not lie to compel the transfer of shares in any corporation, as the party injured has an adequate remedy at law in such event for conversion, is conceded. The case of *The State ex rel v. Rombauer* (46 Mo. 155), establishes no new doctrine, but merely applies a very ancient rule thoroughly imbedded in our jurisprudence. It is claimed however that the rule is not applicable to a case where the damages can not be definitely ascertained, and that, therefore, the present case forms an exception.

Conceding, for the sake of argument, that such exceptions may exist, the further question still remains, whether this petition sufficiently states two essential requisites to a valid application for a mandamus, namely, the legal duty imposed upon the defendants to do the thing they are asked to do, and a pecuniary injury, which can not be compensated in damages, resulting to the plaintiff from their refusal to do it. *The People v. Mas. Ben. Ass'n*, 98 Ill. 635 ; *Hatch v. City Bank of New Orleans*, 1 Rob. (La.) 470.

The petition in this case states neither. The statute is silent as to the duty of the corporation and its officers. in such a case. No by-law is relied on making it their duty. Nor can any duty on their part be implied to issue and re-issue certificates at the mere caprice of the holder.

The petition is equally silent in regard to any pecuniary injury which is likely to result to the plaintiff from the refusal complained of. For aught that appears by its recitals the desired multiplication of certificates may be a mere question of taste or sentiment. Courts are not established for the arbitration of such controversies.

All the judges concurring, the judgment is reversed, and judgment is entered in this court, quashing the writ of mandamus.