THE STATE *ex rel.* SPINNEY, Respondent, v. SPORTS-
MAN'S PARK & CLUB ASSOCIATION, Appellant.

St. Louis Court of Appeals, January 31, 1888.

1. CORPORATION—STOCKHOLDER'S EXAMINATION OF BOOKS.—Under
Revised Statutes, section 932, a stockholder is entitled to inspect
the books of the company, under reasonable regulations prescribed
by the by-laws, without disclosing the purpose for which he de-
sires to do so; and the fact that the information thus acquired
may be used for improper purposes is wholly immaterial.

2. —— TIME FOR EXAMINATION OF BOOKS.—Where no evidence was
introduced to show what would be a reasonable time for the exam-
ination of books, there can be no vacating of the judgment on the
ground that the time granted was unreasonable.

APPEAL from the St. Louis Circuit Court, HON.
SHEPARD BARCLAY, Judge.

*Affirmed.*

CECIL V. SCOTT, for the appellant: The alternative
writ is the first pleading in a *mandamus* proceeding,
and must state facts in an issuable form which show
that the relator is entitled to the relief which he asks.
*State ex rel. v. Governor,* 39 Mo. 388; *State ex rel. v.
Everett,* 52 Mo. 89; *Hambleton's Adm'r v. Town of
Dexter,* 89 Mo. 188. It is incumbent upon a stockholder
who seeks the aid of this writ to compel the inspection
of the corporate books, to allege and show some specific
interest at stake, rendering such inspection necessary,
or some beneficial or specific purpose for which said ex-
amination is desired. High's Ex. Leg. Rem., sec. 310;
*King v. Tailors Co.,* 2 Barn. and Ad. 115; *People v.
Walker,* 9 Mich. 328. There was an entire failure of
proof on the part of the relator to sustain his allegation
of reasonable time. The right of a stockholder to in-

spect and examine the corporate books does not pertain to any person not a *bona-fide* stockholder in the corporation, and not having any pecuniary interest therein. Nor will the writ be granted unless the relator shows that he has made a proper demand upon the proper parties having the records in custody, and that such demand was made at a fitting time and place, and for a sufficient reason, and the inspection was refused. High Ex. Leg. Rem., sec. 310. The writ of *mandamus* being justly regarded as one of the highest writs known to our system of jurisprudence, it only issues where there is a clear legal right, and the right which it is sought to protect must be clearly established, and the writ is never granted in doubtful cases. High. Leg. Rem., sec. 9. The objection that said alternative writ did not state facts sufficient to constitute a cause of action, or entitle the relator to the relief demanded, could be raised for the first time in this court. *Peltz v. Eichele,* 62 Mo. 171; *State ex rel. v. Griffith,* 63 Mo. 545; *Nance v. Railroad,* 79 Mo. 196. The rule in *mandamus* proceedings is, that the court can grant no relief except what is specified in the alternative writ, and if not warranted in granting that must refuse any. *School District v. Lauderbaugh,* 80 Mo. 190; *State ex rel. v. Railroad,* 77 Mo. 143.

A. M. SULLIVAN, for the respondent: The general rule is that *mandamus* is the appropriate remedy to enforce the rights of corporate stockholders and members to an inspection of the books and records of the incorporation, and the writ will issue for this purpose upon a proper showing of the relator's right and a refusal on the part of the corporate authorities to allow the inspection. High on Ex. Rem., secs. 277, 308; *People v. Throop,* 12 Wend. 183; *People v. Steamship Co.,* 50 Barb. 280; *Railroad v. Wisdom,* 5 Heisk. (Tenn.) 126. To establish relator's right to the issuance of the writ it must appear, first, that he has a clear legal right to the performance of a particular act or duty at the

hands of the respondent; and second, that the law affords no other adequate or specific remedy to secure the enforcement of the right and the performance of the duty which it is sought to coerce. *People v. Thompson*, 25 Barb. 73; *State v. Herron*, 29 La. An. 848. In this case the legal right is given and the duty imposed by section 932 of the statutes. *People v. Hilliard*, 29 Ill. 418; *Overseers v. Overseers*, 82 Pa. St. 275. The existence of a remedy by an action for damages, for non-performance of the duty, will not satisfy the rule or prevent relief by *mandamus*. *Railroad v. Wisdom*, 5 Heisk. 125; *Fremont v. Crippen*, 10 Cal. 211; *People v. Throop*, 12 Wend. 183. The return is insufficient as a traverse of the supposals of the writ; the new matter therein constitutes no justification for the failure to obey the alternative writ, and the evidence sought to be introduced in support of such new matter was properly excluded. High on Ex. Rem., secs. 460, 461, 464, 466, 473, 474. The defendant abandoned on trial, the theory now presented in argument, by insisting upon the exclusion of evidence offered by relator tending to show the objects and purposes of his examination of the books, upon the ground of immateriality, and that the only question was as to what relator's "legal rights" were. It cannot now be heard to complain of the rejection of such evidence, on the theory and for the reason that it was material. *Oberbeck v. Sportsman's Park and Club Association*, 17 Mo. App. 310. The court has the right to exercise a discretion as to whether the writ to enforce the right shall be issued or not. In this case, that discretion has been exercised in favor of the issuance of the writ, and this action of the court will not be disturbed, unless it clearly and unequivocally appears to have been an abuse of discretion. There is no such evidence here. *Hunt v. Railroad*, 16 Mo. App. 552; *Hanel v. Freund*, 17 Mo. App. 618; *In Matter of Sage*, 70 N. Y. 221. Nor is the argument that relator failed to show that "two hours a day for ten days," was a reasonable time within which to examine the books, of

·any moment.   *People v. Railroad*, 58 N. Y. 152 ;  *School District v. Lauderbaugh*, 80 Mo. 194.

ROMBAUER, J., delivered the opinion of the court.

The relator, a stockholder of the Sportsman's Park & Club Association, which is a business corporation, applied to its officers for permission to inspect its books of account, stock certificate-books and transfer-books. Permission being refused he applied to the court for a writ of *mandamus*.   Respondents demurred to the alternative writ.   Their demurrer was overruled and they made return denying that they refused the requested inspection.   They further denied that the time demanded for such inspection, to-wit, two hours a day for ten days, was a reasonable time.   As an affirmative defence the return stated that the relator was not a *bona-fide* stockholder, but that the ten shares which he claimed to hold were transferred to him without consideration by other stockholders, so that he, as an accountant, might examine the books and thereby harass and annoy the corporation and its officers.

The return was denied by reply.

Upon a hearing of the issues, thus framed, the court issued a peremptory writ commanding respondent to permit relator to inspect the books for two hours a day for ten days, and rendered judgment for costs in favor of relator.

The corporation and its officers appealing complain that the court erred in overruling their demurrer, erred in excluding evidence offered by them, to the effect that the shares were transferred to the relator for the sole purpose of allowing him to inspect the books, and that, under all the evidence, the relator was not entitled to a peremptory writ.

The first and last exceptions are based on the fact that neither the alternative writ nor the evidence discloses the purpose for which relator demands an inspection of the books.   The appellant contends that it is incumbent on the stockholder who seeks the aid of the

writ in such cases to allege and show some specific interest at stake rendering such inspection necessary, or some specific purpose for which the examination is desired, and cite in support of that position *King v. Taylor*, 2 Barn. & Ad. 115, and *People v. Walker*, 9 Mich. 328.

We had occasion to decide in *State ex rel. v. St. Louis Paint Man. Co.*, 21 Mo. App. 527, that, ordinarily, to maintain this writ it is essential for the relator to show a legal duty imposed upon the defendants to do the thing they are asked to do, and a pecuniary injury, which cannot be compensated in a suit for damages resulting to him from their refusal to do it. Such seems to be the rule generally recognized. High Ex. Leg. Rem., sec. 310.

This, however, has reference to cases where the statute or the regulations of the corporation are silent on the subject.

Our statute concerning business corporations provides, among other things :

" Sec. 932. The trustees or directors of the corporation shall keep correct accounts of their transactions, and have full statements of the condition of affairs of such corporation made out and exhibited to the stockholders as often as once in each year, at least ten days before the day of election ; and each stockholder may, at all proper times, have access to the books of the company, to examine the same and under such regulations as may be prescribed by the by-laws."

This provision implies that in this class of corporations, which are organized solely for pecuniary profit, each shareholder has a sufficient pecuniary interest warranting him to demand access to the books of the corporation, and secures to him the right to seek such inspection, subject to such reasonable regulations only as may be prescribed by the by-laws.

It is not incumbent upon a relator, who merely seeks a right guaranteed him by the charter of the corporation, to disclose the purpose for which he seeks to exercise

it. In fact, where the right is clear, the fact that the information sought to be obtained might be used for improper purposes is wholly immaterial. High on Ex. Leg. Rem., sec. 308 ; *People v. Steamship Co.*, 50 Barb. 280. This disposes of appellant's first and third exceptions.

The exception that the court erred in excluding testimony offered by appellant, and tending to show that the relator was a mere accountant, and not a *bona-fide* transferee of the stock, may be disposed of with the remark that the relator's legal ownership of the stock is admitted, and that the purpose for which he acquired it is foreign to this proceeding. Passing, however, the mere formal legal objection and proceeding to the ulterior point aimed at, we may add that we are not prepared to say that a stockholder's right of examination is one which must be exercised in all cases without the assistance of such expert aid as in many cases is the only one to render the examination effectual.

When the relator offered evidence tending to show that time would be necessarily requisite for the examination of the books, the appellants objected, on the ground that the question of reasonable time was for the court and not for the witness. They now object because the time stated in the writ is not shown to be reasonable. They introduced no evidence on the subject. As to what books were kept and the multitude of the transactions entered therein was within their exclusive knowledge. Under these circumstances we do not feel justified to vacate the judgment on the sole ground that the time granted for inspection is unreasonable, without some affirmative showing that the complaint is just.

Judgment affirmed. All the judges concur.