ATLANTIC ICE AND COAL CORPORATION *v.* TOWN OF DECATUR *et al.*

1. There are two essential requisites of a valid application for mandamus to enforce a right, viz.: the legal duty imposed on the defendants to do the thing they are asked to do; and a pecuniary loss to the plaintiff for which he can not be compensated in damages.

2. Where the petitioner for mandamus makes these essential allegations, it is incumbent upon him to prove them; and on his failure to make proof thereof, he does not make out a prima facie case entitling him to a mandamus absolute.

3. Where a petitioner for mandamus, to compel municipal authorities to issue to him a building permit, alleges that he procured a lease for a term of years of certain premises for the purpose of erecting thereon the plant for which the permit is asked, and that the refusal of the permit destroyed the value of his property rights in such premises, these are material allegations of his petition; and the burden is upon the petitioner to prove them in order to make out his case, and to show that his application is bona fide and founded upon substantial right.

4. The above rulings make it unnecessary to consider the other important questions raised in this record.

5. As we affirm the judgment of the lower court upon the ground that the plaintiff failed to make out a prima facie case, we direct that the plaintiff be permitted to vacate the verdict and judgment rendered against it, and to substitute in lieu thereof a judgment of nonsuit.

RUSSELL, C. J. I agree to the ruling in the first four headnotes. I dissent from the order of direction to the lower court, for reasons stated hereinafter.

No. 3261. FEBRUARY 5, 1923.

Petition for mandamus. Before Judge Humphries. DeKalb superior court. April 24, 1922.

*L. J. Steele* and *Spalding, MacDougald & Sibley,* for plaintiff.

*Harwell, Fairman & Barrett* and *Branch & Howard,* for defendants.

HINES, J. 1. The Atlantic Ice & Coal Corporation filed its petition for mandamus against the Town of Decatur and certain of its officials, to compel them to issue to it a permit to erect an ice plant upon certain premises in said town. This company, in its petition for mandamus, alleged that it had acquired, for the purpose of constructing its plant, a lease of said premises for the term of forty years; and that the effect of the action of the defendants in refusing to grant said permit, after petitioner had applied therefor and had fully complied with all the requirements of the only ordinance of the town in force when it made its application and when the permit was refused, and after it had thus

become the mandatory duty of the defendants to issue such permit, was "to deprive petitioner of its valuable property rights in said premises, effectually destroying the value thereof." In their answer the defendants denied that the petitioner had acquired said lease, and that the effect of their action in declining said permit was to deprive the company of its valuable property rights in said premises and to effectually destroy the value thereof. On the trial of the case the plaintiff did not offer any evidence to prove the fact of said lease, and of any destruction or diminution of the value of its property rights in said premises as the result of the refusal of the defendants to issue said permit. The court directed a verdict for the defendants, who insist that this action of the court was demanded, in view of the failure of the petitioner to prove the above allegations, regardless of any other errors which the court below may have committed in directing said verdict.

There are two essential requisites of a valid application for mandamus to enforce a right, to wit: the legal duty imposed on the defendants to do the thing they are asked to do, and a pecuniary loss to the plaintiff, for which he can not be compensated in damages. People v. Masonic Benev. Asso., 98 Ill. 635; Hatch v. City Bank, 1 Rob. (La.) 470; State v. St. Louis Paint Mfg. Co., 21 Mo. App. 526; Payne v. Perkerson, 56 Ga. 672; 26 Cyc. 443. In the case at bar, the petitioner having alleged that it had procured a lease of certain premises on which to erect its ice plant, and that the value of its leasehold would be destroyed by the refusal of the municipal authorities to grant the permit for that purpose, it was incumbent upon petitioner to establish these essential allegations of its petition. Without proof of these essential allegations, a verdict in favor of the plaintiff would not have been supported by the evidence. Besides, where one seeks a mandamus to compel the issuance of a permit to erect a building on a certain lot, he must show his right to build there in order to show that the petition is bona fide and founded upon substantial right. Bostock v. Sams, 95 Md. 400 (52 Atl. 665, 59 L. R. A. 282, 93 Am. St. R. 394). For failure to make proof of these essential allegations of its petition for mandamus, the plaintiff did not make a case which entitled it to a mandamus.

2. In view of the above ruling, it becomes unnecessary to consider other errors alleged to have been committed by the court in

the trial of this cause; and to decide the other very important questions raised in this record.

3. But, as we are affirming the judgment of the lower court on the ground that the plaintiff did not make out a prima facie case, we direct that the plaintiff be permitted to vacate the verdict and judgment against it and to substitute in lieu thereof a judgment of nonsuit, to the end that it may not be precluded by the former judgment. *Zipperer* v. *Savannah,* 128 *Ga.* 135 (57 S. E. 311); *Equitable Mfg. Co.* v. *Davis,* 130 *Ga.* 67 (60 S. E. 262); *Williams* v. *Perry,* 136 *Ga.* 453 (71 S. E. 886).

*Judgment affirmed, with direction. All the Justices concur, except Gilbert, J., disqualified, and*

RUSSELL, C. J., specially concurring. I fully agree with the judgment of the court affirming the direction of a verdict by the trial judge. I dissent only from the ruling in the fifth headnote. What is said in the fifth headnote is not a ruling upon the merits of the case, but merely a directory order made as a matter of grace in the exercise of a discretion with which this court is clothed. That the Supreme Court has a right, in affirming a judgment upon a verdict, to give permission to a losing plaintiff to renew his suit as if it had been nonsuited instead of losing his case by verdict, is undoubted. Civil Code (1910), § 6205. Still, this undoubted power should be used with caution, sit finis litium; and I see no reason why the code section referred to should be applied in this case. We have sustained the action of the trial judge directing a verdict; but this judgment of the judge in directing a verdict can not be sustained (as we have sustained it) upon any other theory than that it was demanded by the evidence. The fact that a plaintiff may have failed to introduce evidence essential to recovery is not ordinarily considered a reason for granting him a second opportunity to make out his case. It is true that if evidence is introduced on behalf only of the plaintiff, it would be more proper for the judge to award a nonsuit than to direct a verdict against the plaintiff. It is also true that in such a case complaint can properly be made that the verdict was directed, when merely a judgment of nonsuit should have been entered. However, there is no such complaint in any of the assignments of error in this case; and on the contrary the plaintiff insists that upon the evidence adduced a verdict should have been directed in its favor. There

are many instances in which this court's discretion to alter and remold a judgment which is affirmed may be wisely exercised so as to preserve the rights of the parties, and yet avoid the necessity of another trial. · In my opinion the power conferred on this court by the provisions of § 6205 should be sparingly applied even when the effect of a direction to the lower court will be to end litigation; and very much more rarely, if ever, should a litigant who " has had his day in court," and has lost his case, be invited back to court at the expense of the taxpayers. I do not think this case presents such features as to invoke from this court relief dependent entirely upon the exercise of a purely discretionary power, and to the end that further litigation may be facilitated.