Argued March 10, demurrer overruled April 6, peremptory writ
issued May 20, 1926.

# BEND PUBLISHING COMPANY *v.* J. H. HANER,
## COUNTY CLERK.

(244 Pac. 868.)

**Records—Newspaper Publisher Held to have Right to Examine Court
Records** (§§ 590–592, 738, 1430, Or. L.; Laws 1909, p. 158).

1. Newspaper publisher *held* to have right to examine county
clerk's records of County and Circuit Courts, required to be kept
by Sections 590, 591, Or. L., to obtain items of news, in view of
Laws of 1909, page 158, providing for free inspection of records by
all persons, when read in connection with Section 592, Or. L., but
which does not apply to Section 1430 relative to inspection of in-
dictments where defendant has not been held to answer, in view of
Section 738, though at common law such inspection would not be
permitted.

**Courts—Records.**

2. Statutes involving custody and inspection of files and records
of County and Circuit Courts should be read and construed together.

**Records—Legislature has Power to Enact Law Granting Free Ac-
cess to Inspection of Records of County Clerk.**

3. Legislature has power to enact law granting to any person,
for lawful purpose, free access to office of county clerk, in order to
inspect and examine records in his custody.

**Statutes.**

4. Where words of statute are explicit, and it is clear and
definite, its declared purpose must be taken as true.

**Records—County Clerk may Make Necessary Rules for Preservation
of Records and to Prevent Interference by Public With His
Regular Duties.**

5. Though public have access to records of county clerk, he is
protected in possession and care thereof, in that he may make such
rules and regulations as he deems necessary for preservation of
records and files, and to prevent interference with his regular duties.

**Mandamus—Mandamus will Lie to Compel Clerk to Allow News-
Paper Publisher to Examine Court Records for News.**

6. *Mandamus* will lie to compel county clerk to allow newspaper
publisher to examine court records for news; such purpose being
lawful.

---

All, 2 C. J., p. 1134, n. 52, p. 1140, n. 55, 64, p. 1142, n. 99 New.
Mandamus, 38 C. J., p. 740, n. 86, p. 873, n. 61.
Pleading, 31 Cyc., p. 333, n. 76.
Records, 34 Cyc., p. 592, n. 1, 2, p. 593, n. 3, 4, 5, p. 596, n. 39.
Statutes, 36 Cyc., p. 1073, n. 35, p. 1107, n. 31, 32.

1. See 23 R. C. L. 161.
4. See 25 R. C. L. 957.
6. See 23 R. C. L. 166.

Original proceedings in *mandamus.*

DEMURRER OVERRULED.

For petitioner there was a brief over the name of *Mr. Charles A. Hardy* with an oral argument by *Mr. Edward F. Bailey.*

For defendant there was a brief over the name of *Mr. Arthur J. Moore,* with oral arguments by *Mr. H. H. DeArmond* and *Mr. R. S. Hamilton.*

BROWN, J.—This case comes before us on demurrer to an alternative writ of *mandamus* issued out of this court. It involves the right of a publisher to have access to the records and files of the county and circuit courts for the purpose of securing and preparing matter for newspaper publication. Our inquiry relates to the duty of the clerk in the premises, and to the legal right of the petitioner to have the defendant perform the duty sought to be enforced. The petitioner herein, Bend Publishing Company, a corporation, avers that it publishes the "Central Oregon Press," a daily and weekly newspaper, at Bend, Deschutes County, Oregon, which paper has a large circulation throughout Deschutes County; that, in order successfully to carry on its business as a newspaper publisher, it is necessary for the petitioner to gather and publish the news of the daily happenings and events taking place within the county, and that, for such purpose, it sends its agents throughout the limits of the county. It avers that suits, actions, and other proceedings of great public interest are filed in the county and circuit courts of Deschutes County; that J. H. Haner, defendant herein, is clerk of that county, and, as such clerk, has

the custody and possession of the records and files of the county and circuit courts; that the petitioner has sent its agents to the office of the defendant during the usual business hours to inspect and examine the files and records of the county and circuit courts for the purpose of making memoranda or abstracts therefrom, so that petitioner might publish the same, or so much thereof as it might deem to be of news interest to the readers of its paper; that the petitioner has demanded of the defendant a reasonable and proper opportunity for the inspection of such records, but that the defendant has wrongfully refused, and still refuses, to petitioner, or to any of its agents, an opportunity to inspect and examine the files of the court in his office.

The petition and writ contain the usual averment that petitioner has "no plain, speedy, and adequate remedy in the ordinary course of the law," and seek the mandate of this court to compel performance upon the part of the clerk.

1. The records and files of the court are required to be kept in the clerk's office, in his custody, and he is responsible for them: Sections 590, 591, Or. L.

"At common law no person is entitled to inspect public records, either personally or by agent, or to make copies, abstracts, or memoranda therefrom, unless he has such an interest therein as would enable him to maintain or defend an action for which the record sought can be furnished as evidence or necessary information, and the interest of the person demanding the inspection must be direct and tangible." 34 Cyc. 592, 593.

The defendant grounds his refusal to submit the records to the petitioner's representatives on a statute that is in substantial accord with the common

law, and which was adopted as a part of the Civil Code on October 11, 1862. That statute provides:

"Whenever requested, the clerk shall furnish to any person a certified copy of any portion of such records or files, and no person other than such clerk is entitled to make such copy, or to the use of the records or files for such purpose. Whenever requested, the clerk shall search such records and files, and give the certificate thereof according to the nature of the inquiry, and no other person other than such clerk or an attorney of the court shall be entitled to search and examine such records or files, unless he be a party in interest, as appears of record, concerning the matter sought to be examined or inquired of." Or. L., § 592.

At this point, it should be noted that, in many states, the common law has been modified by statute. In our own jurisdiction, forty-seven years after the enactment of the statute hereinabove quoted, the legislative assembly enacted Chapter 98 of the General Laws of Oregon, 1909, entitled "An Act to provide for the free inspection of all state, county, school, city, and town records or files by all persons; and for the making of abstracts or memoranda therefrom." It will be observed that the subject of the act expressly declares its purpose to be to provide for the inspection "of all state" and "county * * records." "All" is a broad, comprehensive and inclusive term. The words "all state" and "county * *" records" indubitably include the state and county records within the custody and care of the defendant as clerk of Deschutes County. The provisions of the act itself are broad and in keeping with the title thereof. It specifically declares that "all officers having the custody of any state" or "county records in this state shall furnish reasonable opportunity for the

inspection and examination'' thereof, ''to all persons having occasion to make examination of them for any lawful purpose.'' Obviously, the term ''all officers'' includes the clerk of Deschutes County. The term ''all persons'' embraces the petitioner, and the purpose of the petitioner is ''lawful.''.

2. All statutes involving the custody and inspection of the files and records of the County and Circuit Courts should be read and construed together. Section 592, Or. L., is not a special, but a general, statute, and, in part, is repugnant to the later statute. Both cannot stand in their entirety and be effective. We will here observe, however, that the later statute has no application to Or. L., Section 1430 (Indictment, How Presented), which prescribes that, in all cases, if a defendant has not been held to answer, ''neither the indictment nor any order or process in relation thereto must be inspected by any person other than the judge of the court or an officer thereof in the discharge of a duty concerning the same, until after the arrest of the defendant.'' See, also, Or. L., § 738.

3–5. That the legislature possessed the power to enact a law granting to any person, for any lawful purpose, free access to the clerk's office in order to inspect and examine the records in his custody, is beyond question. The statute invoked by the petitioner, like the term ''reasonable doubt,'' defines itself, and a lengthy discussion of the subject matter would obscure, not clarify, its meaning. It affords its own exposition. A careful reading of the statute reveals the legislative intent with exactness. Its language is neither obscure nor doubtful. On the other hand, its words are explicit, and in letter and scope it is clear and definite. Hence the declared purpose of the act must be taken as true. Moreover,

the clerk is protected in his possession and care of the records, in that he is empowered to make such rules and regulations as he shall deem necessary for the preservation of the records and files and to prevent interference with his regular duties as such clerk.

Under a similar statute, the Supreme Court of the State of New Jersey, in the much-cited case of *Lum v. McCarty,* 39 N. J. Law, 287, said:

"The clerk is the lawful custodian of the records, and indexes thereto, and is responsible for the safe keeping thereof. His powers over them are such as are necessary for their protection and preservation. To that end, he may make and enforce proper regulations consistent with the public right for the use of them. But they are public property, for public use, and he has no lawful authority to exclude any of the public from access to, and inspection and examination thereof, at proper seasons, and on proper application."

6. To those persons only who have occasion to examine the records for some lawful purpose, and not from mere curiosity, will a writ of *mandamus* be granted: *In re Caswell's Request,* 18 R. I. 835 (29 Atl. 259, 49 Am. St. Rep. 814, 27 L. R. A. 82); *Hall v. Staunton,* 55 W. Va. 684 (47 S. E. 265).

The demurrer admits the truth of all well-pleaded facts. From the allegations contained in the petition, it appears that the petitioner sought to examine the records for a lawful purpose, and it is therefore entitled to a writ of *mandamus* in the enforcement of its right: 34 Cyc. 595, 596; 23 R. C. L. 268; 60 L. Ed. 368, note.

The demurrer is overruled.

> DEMURRER  OVERRULED.  PEREMPTORY  WRIT ISSUED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.