BOARD OF COMMISSIONERS OF THE CITY OF MANCHESTER *v.* MONTGOMERY *et al.*

No. 7403.   April 16, 1930.

*J. F. Hatchett, N. F. Culpepper,* and *W. E. Smith,* for plaintiff in error.

*G. C. Thompson* and *W. R. Jones,* contra.

HINES, J. ■ By section 12 of the act of the General Assembly

of August 20, 1923 (Acts 1923, pp. 739, 742), it is provided that "the commissioners" of the City of Manchester "shall select and appoint a city manager within thirty days after their election and qualification, who shall be the administrative head of the municipal government of said city, and who shall be responsible to the commission for the efficient administration of all the departments of said city." In a petition brought by residents and taxpayers of this city, against these commissioners, for mandamus to compel them to perform the above duty of selecting and appointing a city manager for the City of Manchester, it is not necessary to allege any demand upon them for the performance of such duty. Where the duty sought to be enforced is one of a public nature, affecting the people at large, and there is no one specially empowered to demand performance, no demand is necessary as a condition precedent to the issuing of a writ of mandamus to compel performance. Public duties should be discharged without waiting for the prod of a judicial writ. In such cases the law itself stands in lieu of a demand and omission to perform the required duty in place of a refusal. State v. Spokane &c. Co., 19 Wash. 518, 53 Pac. 719, 67 Am. St. R. 739, 41 L. R. A. 515) ; Milster v. Spartanburg, 68 S. C. 26 (46 S. E. 539); State v. Curtis, 210 Ala. 1 (97 So. 291) ; Fountain v. State, 211 Ala. 586 (100 So. 892) ; State v. Hare, 78 Ore. 540 (153 Pac. 790) ; State v. Weld, 39 Minn. 426 (40 N. W. 561) ; Rizer v. People, 18 Colo. App. 40 (69 Pac. 315) ; Thoits v. Byxbee, 34 Cal. App. 236 (167 Pac. 166) ; Murphy v. Parkridge, 298 Ill. 66 (131 N. E. 256); Elmore &c. Counties v. Alturas County, 4 Idaho, 145 (37 Pac. 349, 95 Am. St. R. 53) ; State v. Wrightson, 56 N. J. L. 126 (28 Atl. 56, 22 L. R. A. 548) ; Lewis v. Christian, 101 Va. 135 (43 S. E. 331) ; 18 R. C. L. 123, § 37; 38 C. J. 576 (§ 50), 2; Id. 694 (§ 266), b. Especially is this true when the conduct and action of officials is equivalent to refusal to perform the duty required. Anything showing that the defendants do not intend to perform the duty is sufficient to warrant the issuance of a mandamus. *Coffee* v. *Ragsdale,* 112 *Ga.* 705, 710 (37 S. E. 971) ; Chicago &c. Co. v. Comm'rs, 49 Kan. 399 (30 Pac. 456) ; N. P. R. Co. v. Washington, 142 U. S. 492 (12 Sup. Ct. 283, 35 L. ed. 1092). In *Ficklen* v. *Washington,* 141 *Ga.* 440 (81 S. E. 123), and in *Dunn* v. *Campbell,* 146 *Ga.* 226 (91 S. E. 84), the point decided above was not raised or decided. The rule is

different where the mandamus is brought to enforce a private right. *Leonard* v. *House,* 15 *Ga.* 473; *Payne* v. *Perkerson,* 56 *Ga.* 672; Ex Parte Edwards, 123 Ala. 102 (26 So. 643); Hill *r.* Tarver, 130 Ala. 592 (30 So. 499).

■ The principle that it is an essential requisite of an application for mandamus to enforce a right that it allege pecuniary loss to the plaintiff for which he can not be compensated in damages (*Atlantic Ice & Coal Corp.* v. *Decatur,* 154 *Ga.* 882 (115 S. E. 912), is applicable only to the enforcement of private rights. The rule established by the preponderance of the authorities is, that, where the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the relator need not show that he has any legal or special interest in the result, it being sufficient that he is interested in having the laws executed, and the duty in question enforced. 18 R. C. L. 325, § 273, note 8, and cit.

■ The application by plaintiffs for mandamus is not inconsistent with the quo warranto proceedings sued out by them to test the title of the defendant, Davis, to the office of city manager.

■ The exceptions to the judgment of the court making the mandamus absolute, based upon the grounds that it fails to name or designate any person to be appointed to the office of city manager, to name or suggest any salary to be paid to the party so selected and appointed, to designate the term and length of office, and to direct the board of commissioners to fix any salary for such city manager, are without merit. These are matters to be fixed and determined by the board of commissioners.

■ The exception that the judgment fails to direct the board of commissioners to require the person selected and appointed as city manager to give bond is without merit; for the statute requires the giving of such bond, and requires the board of commissioners to fix the amount thereof, and to approve the same.

■ The trial judge did not err in failing to sustain the demurrer filed by the defendants to the petition for mandamus.

■ Under the act of August 20, 1923, the commissioners of said city can not select and appoint one of themselves as city manager, the office of commissioner and city manager being incompatible, and the City of Manchester having a population of more than two thousand inhabitants. Civil Code (1910), § 886.

■ The court did not err in rendering judgment making the mandamus absolute.

*Judgment affirmed. All the Justices concur.*