L. W. HATFIELD *v.* COUNTY COURT OF LOGAN COUNTY

(No. 7530)

Submitted January 11, 1933. Decided January 24, 1933.

*E. T. England,* for relator.
*C. C. Chambers,* for respondent.

KENNA, JUDGE:

Claude Gore, on a canvass of the vote of Logan District, Logan County, West Virginia, was defeated by twenty votes for the office of justice of the peace by L. W. Hatfield. Gore demanded a recount which was held, resulting in his election by a margin of 28 votes. In precinct No. 18, known as Barnabus precinct, the result of the recount showed him the gainer by nine votes over the face of the returns. Hatfield files this petition seeking to mandamus the board of canvassers to declare the result of the election in that precinct on the basis of the returns of the election officers and not on the basis of the recount, alleging facts which he says show opportunity to tamper with the ballots in that precinct, thus destroying the efficacy of the ballots themselves as the primary evidence of the result of the election. The petitioner alleges also that he has served notice of contest upon the said Gore, contesting his right to a certificate of election, praying that a certificate be issued to petitioner; that among the grounds of contest set up in his notice are the alleged irregularities in precinct No. 18, known as Barnabus, upon the basis of which petitioner here will, in his contest, seek to have the result in that precinct declared on the basis of the canvass returns instead of the recount; that petitioner is doubtful as to whether such a question can be raised in a contest of election. Petitioner further alleges that the nine votes difference in Barnabus precinct "may be very material in the ascertainment of the true result of the election in said district between petitioner and the said Claude Gore. The difference, nine votes, might determine which was

elected to said office in said district, and for that reason it becomes and is very important to have the true result of the said election ascertained at said precinct.

Gore files an answer denying the sufficiency of the petition, stating that because it fails to allege that the result of the election would be altered by the issuance of the writ requiring the board of canvassers to declare the result in Barnabus precinct on the basis of the returns of the election officials, instead of the recount, it does not make out a case entitling the petitioner to avail himself of this extraordinary remedy.

Hatfield, petitioner here, does not allege that the election result will be changed by the change effected in Barnabus precinct should the writ of mandamus be awarded. Apparently, he seeks the writ here in order, as a preliminary or ancillary step in his real effort to change the result of the election in the contest case, for the purpose of having this court decide whether the canvass or the recount should control in Barnabus precinct. After that question is out of the way, he might or might not pursue his contest. The writ of mandamus cannot perform such a function. The petition must show a clear legal right. *Smith* v. *County Court,* 78 W. Va. 168, 88 S. E. 662; *Reynolds* v. *Fielder,* 110 W. Va. 240, 157 S. E. 597. In *Ice* v. *Board of Canvassers,* 64 W. Va. 544, 63 S. E. 331, an election case, Judge Poffenbarger, speaking for the court, said: ''The petition did not show that the candidate's election would be affected by the counting of the ballots for him. It said only it would likely affect the result and again that it would change the result. A demurrer to the petition on the ground of prematureness in the application was overruled. The personal satisfaction to a candidate of knowing he received a certain number of votes or that a certain ballot was counted for him is not a substantial right. It is mere abstract right. For the vindication of such a right mandamus does not lie.'' In *Johnson* v. *Board of Canvassers,* 102 W. Va. 703, 705, 136 S. E. 772, Judge Miller, in delivering the opinion of the court, said: ''Does the pleading then present a case calling for the extraordinary remedy? It is settled in this state, and generally, we think, that mandamus will not lie when the thing or things sought would be unnecessary,

274

fruitless, unavailing or nugatory; that the court will not compel the doing of a vain thing simply to enforce a mere abstract right unattended by any substantial benefits to the relator. *Hall* v. *Staunton*, 55 W. Va. 684, 47 S. E. 265, *West Virginia National Bank* v. *Dunkle*, 65 W. Va. 210, 214, 64 S. E. 531. This principle was applied in *Ice* v. *Board of Canvassers, supra,* an election case, like this, where we held that mandamus would not lie to enforce such a mere abstract right in order to satisfy the pride or ambition of the petitioner. And for the failure of the alternative writ to allege how petitioner should be benefited, if at all, by the action sought, the writ or petition was held to be insufficient to call for a decision of the questions raised.''

Petitioner expresses some doubt as to being able to raise, in his contest, the questions affecting the result of the election in Barnabus precinct. If, indeed, the question now before us could not, when properly presented, be raised in a contest, a different question might be presented here. But, in view of the very broad provisions of sections 2 and 3, article 9, chapter 3, Official Code, and in view of the opinions in *Loomis* v. *Jackson,* 6 W. Va. 613, and *Halstead* v. *Rader,* 27 W. Va. 806, we have no serious misgivings on this point.

Having decided that the petition in this case is insufficient, it is unnecessary for us to further consider the questions therein raised.

The writ of mandamus is denied and the petition dismissed.

*Writ denied; petition dismissed.*