# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia ex rel. Kurt Ray,**
**Petitioner Below, Petitioner**

**FILED**

June 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 11-1787** (Brooke County 08-F-4)

**Ronald E. Wilson, Judge,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION


Petitioner Kurt Ray, *pro se*, appeals the Circuit Court of Brooke County's order entered November 21, 2011, denying petitioner's petition for writ of mandamus against respondent, seeking his case files for use in a potential future habeas corpus petition. The Honorable Ronald E. Wilson, by counsel Andrew D. Mendelson, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 18, 2009, the circuit court accepted a plea bargain from petitioner. The plea agreement included a provision that stated as follows:

> The Defendant agrees that he is forever waiving his right to challenge the validity of this plea agreement or to attempt to set aside or nullify his conviction herein by habeas corpus action, in state or federal court, or to otherwise challenge the validity of his convictions in any legal proceedings of any nature in any court. It is the intention of the parties hereto that the Defendant's convictions be **permanent and final**.

(emphasis in original). The plea bargain included guilty pleas for burglary, threatening to kidnap, kidnapping, wanton endangerment, and assault during the commission of a felony. Two sexual assault charges were dropped. Petitioner was later sentenced to a total term of incarceration of thirty-eight years to life. Notwithstanding the terms of his plea bargain, petitioner appealed the sentence and this Court refused his appeal on March 4, 2010.

Thereafter, petitioner filed a writ of mandamus before the Circuit Court of Brooke County, seeking a copy of his criminal file, which he argues he had not received up to that date.

1

Petitioner states it is his intent to petition the court for habeas corpus relief on the grounds that he was provided ineffective trial counsel and wished to obtain his case documents for that purpose. By order dated November 21, 2011, the circuit court denied petitioner's writ of mandamus, citing the plea bargain prohibiting petitioner from seeking habeas relief. The circuit court stated that petitioner did not articulate any reason for requesting the records, he did not assert any errors or violations of law to necessitate the production of the documents, and did not acknowledge the plea agreement in his request. The circuit court opined that petitioner is not entitled to a writ of mandamus, citing to Syllabus Point 1 of *Hall v. Staunton*, 55 W. Va. 684, 47 S.E. 265 (1904), which states as follows:

> The extraordinary writ of mandamus will never be issued in any case where it is unnecessary, or where, if issued, it would prove unavailing, fruitless, and nugatory. The court will not compel the doing of a vain thing. A mere abstract right, unattended by any substantial benefit to the party asking mandamus, will not be enforced by the writ.

On appeal, petitioner argues that the circuit court erred in denying its petition for a writ of mandamus.

> "Mandamus is a proper remedy to compel tribunals and officers exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made." Syllabus Point 1, *State ex rel. Buxton v. O'Brien*, 97 W.Va. 343, 125 S.E. 154 (1924).

Syl. Pt. 6, *State ex rel. Affiliated Const. Trades Found. v. Vieweg*, 205 W.Va. 687, 520 S.E.2d 854 (1999).

> "'A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.' Syllabus Point 1, *State ex rel. Billy Ray C. v. Skaff*, 190 W.Va. 504, 438 S.E.2d 847 (1993); Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969)." Syllabus point 2, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995).

Syl. Pt. 2, *Ewing v. Bd. of Educ. of Cnty. of Summers*, 202 W.Va. 228, 503 S.E.2d 541 (1998).

West Virginia Code § 53-4A-4(a) provides for the circumstances under which a circuit court should order production of petitioner's file for use in a habeas petition:

> If it shall appear to the court that the record in the proceedings which resulted in the conviction and sentence . . . are necessary for a proper determination of the contention or contentions and grounds (in fact or law) ***advanced in the petition***, the court shall, by order entered of record, direct the State to make arrangements for copies of any such record or records, or all of such

2

records, or such part or parts thereof as may be sufficient, to be obtained for examination and review by the court, the state and the petitioner.

(emphasis supplied).

> The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is *de novo*. Syllabus Point 1, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995). We review a circuit court's underlying factual findings under a clearly erroneous standard. 195 W.Va. at 62, 464 S.E.2d at 581. We also review conclusions of law under a clearly erroneous standard.

*O'Daniels v. City of Charleston*, 200 W.Va. 711, 715, 490 S.E.2d 800, 804 (1997).

Petitioner argues that obtaining a copy of his file is the first step in the process of assessing the need to seek a writ of habeas corpus. Our review of the record reflects no clear error by the circuit court in denying petitioner's motion for a writ of mandamus. Petitioner is entitled to a copy of the record for his criminal case if it appears to the circuit court that the record is necessary for his petition for writ of habeas corpus. W. Va. Code § 54-4A-4(a). Here, petitioner has not submitted a petition for writ of habeas corpus, so he is not yet entitled to his record.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:** June 10, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Margaret L. Workman

3