TERRY *v.* WADE *et al.*, commissioners.

HILL, J.   1. The commissioners of roads and revenues of the various counties of this State have vested in them a wide discretion in the administration of county affairs; and this discretion will not be interfered with by the courts unless it is manifestly abused. *Dunn* v. *Beck*, 144 *Ga.* 148 (86 S. E. 385). Accordingly, where a number of bridges and roads of a county have been washed away and damaged respectively by unusual and unprecedented rainfall, and the commissioners have exercised a discretion of rebuilding the bridges and repairing the main highways of the county before repairing completely' a certain second-class road, which is alleged to be not worked and repaired as required by law, it cannot be said that such exercise was an abuse of discretion.

2. Such commissioners are required under the law, in building, repairing, and working the public roads, to so build and repair them that ordinary loads with ordinary ease and facility can be continuously hauled over such public roads. Civil Code (1910), § 5441.

3. Where, on the trial of a mandamus case, an issue between a citizen and taxpayer of a county and the commissioners of roads and revenues was as to whether the commissioners had abused their discretion by working other roads and building bridges in preference, and by a failure to work and repair a certain second-class public road of the county, by reason of which the latter was alleged to be in such condition that ordinary loads with ordinary ease and facility could not be continuously hauled over such·roads, and the evidence on such issue was conflicting, the jury was authorized to find for the defendants.

4. The grounds of the motion for new trial complaining of the admission of certain evidence and the exclusion of evidence, and of certain charges of the court to the jury, are without merit; and the court did not err in refusing the motion for new trial.                          ·

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
                    No. 1445.   DECEMBER 9, 1919.

Petition for mandamus.   Before Judge Worrill.   Randolph superior court.   March 31, 1919.

*Richard Terry* and *Charles W. Worrill,* for plaintiff.  '
*George H. Perry,* for defendants.