PEARCE *et al. v.* WISDOM, county school superintendent, *et al.*

No. 8799.   SEPTEMBER 13, 1932.

*Wohlwender & Calhoun* and *Robinson & Flynt*, for plaintiffs.

*J. B. Peavy* and *A. L. Hardy*, for defendants.

ATKINSON, J.   Certain citizens of Harris County filed a petition for mandamus against the county superintendent of schools and members of the county board of education.   The petitioners alleged that they were residents, freeholders, and taxpayers of Mountain Hill School District in said county, and that the board of education was not appropriating to the schools of Mountain Hill School District the funds required to be given to it under the amendment to the paragraph of the constitution (supra) which was ratified at an election held in 1920.   The petition sets forth the amount plaintiffs claim should be apportioned to Mountain Hill School District, and gives the number of pupils in the county and the number of teachers, alleging that the teachers have the same grade license.   It is alleged that the defendants have "failed and do now refuse to

distribute these funds according to the school population, the tax values, and number of teachers among the public schools." The exception is to a judgment sustaining a general demurrer to the petition and dismissing the action.

■ The plaintiffs in this case had the right to bring the petition, since the question involved was one of public and not mere private right. The theory upon which money is appropriated for public education is that every citizen is interested in the enlightenment of the people. The property of a man without children is subjected to the payment for the education of the non-taxpayer. Therefore the principle is recognized that is set forth in the case of *Board of Commissioners of Manchester* v. *Montgomery, 170 Ga.* 361 (153 S. E. 34).

■ A controlling question is the construction of the above-cited article of the constitution (Civil Code, § 6579). That section reads as follows: "Authority is granted to the counties and municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation. The proper county authorities whose duty it is to levy taxes for county purposes in this State shall, on the recommendation of the board of education, assess and collect taxes for the support of public schools under its control, not less than one nor more than five mills on the dollar of all taxable property of the county outside of independent local systems, which shall be distributed equitably according to the school population, tax values, the number of teachers and their grade of license, among the public schools therein. An additional levy to that already allowed, not to exceed five mills, shall be permissible in independent local systems, municipalities, or school districts on a two-thirds vote of those voting. No additional election shall be required to maintain any local school tax now in existence in districts, counties, or municipalities; provided, this bill shall not apply to counties having a local school system of taxation adopted prior to the constitution of 1877." If this provision of the constitution vests a discretion in the board of education, then, in the absence of gross abuse, the remedy of mandamus is not available. The language of the constitution is that the sum raised "shall be distributed equitably according to the school population, tax values, number of teachers and their grade of license, among the public schools therein." What does the word

"equitably" mean? It necessarily gives a flexibility in the administration of school funds by the board of education. The word "equitably" is defined to mean fairly, justly, and impartially. 20 C. J. 1304. The word "according" contained in the above-stated provision of the constitution is defined in 1 C. J. 584, to mean "agreeing," "in agreement or harmony," "harmonious." The constitution provides that the county board of education shall distribute the moneys arising for educational purposes therein contemplated "equitably according," not to one measure, but to the school population, tax values, the number of teachers and their grade of license. Suppose the taxable values in one district were very much larger than in another, and the number of school children were much larger in the poorer district than in the district which was richer, and suppose there was a similar diversity in the number of licensed teachers, how would all this be reconciled? This court, in *McKenzie* v. *Board of Education of Floyd County*, 158 *Ga.* 892 (124 S. E. 721), dealt with questions here involved as to the uncertainty in the apportionment of these funds, and dealt with the provision of the constitution here involved. In that case it was held that county boards of education could purchase trucks for transportation, and pay therefor from the public-school funds, and could make such expenditures before making the equitable distribution required by the Civil Code, § 6579. This indicates that the provision of the constitution and of the Code bears the construction of flexibility and discretion. On account of changing conditions and the necessity of making different allotments of public-school funds to various districts according to their needs, it would be impossible to bind the county boards of education to mathematical divisions of public-school funds. It is unnecessary to discuss the remedies that might be available in the event of a gross violation of discretion. In the nature of things, the control of educational functions of a county is necessarily vested in the board of education; and it has been so held. *Meadows* v. *Board of Education of Paulding County*, 136 *Ga.* 153, 157 (71 S. E. 146) : "Necessarily the control and management of the public schools must be left largely to the discretion of the county board of education; and when this discretion is exercised within the limits of their jurisdiction, there is no ground for complaint." Therefore on the wording of the provision of the constitution, and on the varying and changing conditions, and the

necessity of adjusting the distribution of the money under conditions which are subject to no mathematical rule, the action was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*