THOMAS *v.* RAGSDALE, *et al.,* commissioners.

No. 12773.   June 15, 1939.

*Don K. Johnston,* for plaintiff.

*Hughes Spalding, W. S. Northcutt,* and *E. Harold Sheats,* for defendants.

DUCKWORTH, Justice. ■ We are of the opinion that the petitioner for mandamus was entitled to maintain the action. "Where the question is one of public right and the object is to procure the enforcement of a public duty, no legal or special interest need be shown, but it shall be sufficient that plaintiff is interested in having the laws executed and the duty in question enforced." Code, § 64-104; *Board of Commissioners of Manchester* v. *Montgomery,* 170 *Ga.* 361 (153 S. E. 34) ; *Plainfield School District* v. *Cook,*

173 *Ga.* 447 (160 S. E. 617) ; *Atlanta Title & Trust Co.* v. *Tidwell,* 173 *Ga.* 499 (160 S. E. 620, 80 A. L. R. 735) ; *Pearce* v. *Wisdom,* 175 *Ga.* 663 (165 S. E. 574) ; *Bankers Savings & Loan Co.* v. *Better Business Division,* 177 *Ga.* 334 (170 S. E. 291). The petition alleged that the defendants, as the governing authority of Fulton County, were charged with the duty of regulating the sale of liquor in the unincorporated areas of that county, and sought to enforce the performance of this duty. This case is distinguished from *Hodges* v. *Kennedy,* 184 *Ga.* 400 (191 S. E. 377), where it was sought by mandamus to compel the issuance of a license to sell beer. Since the sale of beer, like the sale of liquor, is a mere "privilege," it was held that one seeking a license had no such legal *right* as would support an action for mandamus to compel the issuance of a license. As stated above, the right involved in the instant case is a public one, and the object of the suit is to enforce the performance of a public duty; and therefore the petitioner may maintain the action as a citizen interested in having the laws executed and the duty in question enforced. *Hodges* v. *Kennedy,* supra, is controlling as to the prayers of petitioner seeking to enforce the issuance of a license to him; and as to that part of the petition seeking to require the issuance of a license to plaintiff it alleged no cause of action.

■ The next question presented is whether the county commissioners may prohibit the sale of liquors in the unincorporated areas of Fulton County. A county acts under delegated powers, and has only such powers as are conferred by statute. *Albany Bottling Co.* v. *Watson,* 103 *Ga.* 503 (30 S. E. 270) ; *Town of Decatur* v. *DeKalb County,* 130 *Ga.* 483, 487 (61 S. E. 23) ; *Bowers* v. *Hanks,* 152 *Ga.* 659 (111 S. E. 38) ; *McCrory Co.* v. *Board of Commissioners of Fulton County,* 177 *Ga.* 242 (170 S. E. 18). The board of county commissioners is the governing authority of Fulton County, and has only such powers as are expressly conferred upon it or are necessarily implied from those expressly given. Since the county commissioners have no inherent power to regulate and control the sale of liquors, their authority on this subject must be ascertained from the act of February 3, 1938 (Ga. L. Ex. Sess. 1937-1938, p. 103), the only relevant statutory enactment which has been called to our attention. That act provides for legalizing, taxing, and controlling the sale of alcoholic beverages and liquors in those

counties which may vote in favor of such sale. Under this act, before the sale of liquor is legal in any county, a special election must be held, submitting "the question of whether the manufacture, sale, and distribution of alcoholic beverages and liquors in the county shall be permitted or prohibited." "If at such election a majority of the votes cast shall be in favor of taxing and controlling alcoholic beverages and liquors, the manufacture, possession, distribution, and sale of such alcoholic beverages and liquors in such county shall be permitted in accordance with the provisions of this act at the expiration of fifteen days from the declaration of the result." The act contains certain regulatory restrictions upon the business of selling liquors, but provides further that "Nothing in this act shall be construed as preventing any municipality or county from adopting all reasonable rules and regulations as may fall within the police powers of such municipalities or counties to regulate any business provided for in this act. All municipal and county authorities issuing licenses shall within their respective jurisdiction have authority to determine the location of any distillery, wholesale business, or retail business licensed by them." The State revenue commissioner is authorized to issue State licenses in those counties where the sale of liquor is legalized, and is given discretionary powers with reference thereto, subject to the following restriction: "No license shall be granted by the revenue commissioner until the applicant has exhibited a license granted by the municipality, if the place of business to be conducted is within the corporate limits of a municipality, or by the governing authorities of the county where the place of business to be conducted is located, if such place of business is outside the corporate limits of a town or city; and the local authority issuing this license shall have full authority to pass on the character, reliability, and other qualities of fitness before issuing such license. The annual licenses to be charged by a municipality or county shall be not less than [stated amounts], and nothing in this bill shall restrict the maximum amount to be charged."

At the special election of March 30, 1938, Fulton County voted in favor of permitting the manufacture, sale, and distribution of alcoholic liquors in the county, and thereby repealed the previous "prohibition" law as far as it related to that county. However, in order for one to engage in the business of selling or manufac-

turing liquor in Fulton County, he is required to obtain proper licenses from the local and State authorities. If the place of business is to be located within an incorporated area, he must obtain a license from the municipal authorities before he can get a license from the State. If the place of business is to be located outside of a municipality, a license from the county authorities is a prerequisite to a State license. The county is not authorized to require a license for businesses located within municipalities. In these circumstances the board of county commissioners, the governing authority of Fulton County, passed a resolution not to grant any licenses in the unincorporated areas of Fulton County, thus prohibiting the sale of liquor in all parts of the county under its jurisdiction. It is contended that this action of the board is a proper regulation "within the police power of the county commissioners." There is no merit in this contention. As stated above, a county has only such powers as are expressly conferred upon it or are necessarily implied from those given. It has no inherent powers. It therefore follows that the county commissioners have no *inherent police power* authorizing them to prohibit the sale of liquor.

It is contended that the action of the county commissioners is a valid exercise of the discretion given to them by the act of February 3, 1938. To this we can not agree. While the act vests in the county commissioners wide discretion in the regulation of the business authorized thereby, including the location of such business, the amount of the license fee, and the personal qualifications of applicants for licenses, it does not authorize them to refuse to exercise that discretion. The action of the commissioners was a clear attempt to prohibit, and not to regulate. The act authorizes the use of discretion in the regulation of the sale of liquor, not the use of discretion in determining whether or not liquor shall be sold in the territory over which they have jurisdiction. In *Gaissert* v. *State,* 186 *Ga.* 599 (198 S. E. 675), it was stated that the county authorities could by refusing to grant any licenses for the sale of malt beverages entirely forbid the sale of such beverages outside of municipalities. The principal question here involved is different from the one in that case. This case is distinguished also from *Phillips* v. *Head,* post, ..., which involved the grant of a permit to an applicant therefor. The principal question here is

whether mandamus will lie to compel the commissioners to *function* within the authority conferred by the statute. "Where the act required to be done involves the exercise of some degree of official discretion and judgment on the part of the officer charged with its performance, the writ may properly command him to act, or, as is otherwise expressed, may set him in motion; it will not further control or interfere with his action, nor will it direct him to act in any specific manner." *Richmond County* v. *Sleed,* 150 *Ga.* 229, 232 (103 S. E. 253).

■ Where an officer is vested with discretion, the courts will not by mandamus direct in what manner he shall exercise that discretion; but they may compel the officer to exercise his discretion. *Jackson* v. *Cochran,* 134 *Ga.* 396 (67 S. E. 825, 20 Ann. Cas. 219) ; *Wilkerson* v. *Rome,* 152 *Ga.* 762 (110 S. E. 895, 20 A. L. R. 1334) ; *Cody* v. *Boykin,* 163 *Ga.* 1 (135 S. E. 75) ; *Douglas* v. *Board,* 164 *Ga.* 271 (138 S. E. 226) ; *Bashlor* v. *Bacon,* 168 *Ga.* 370 (147 S. E. 762). Applying the above rule to the instant case, it appears that mandamus is the proper remedy to require the board of county commissioners to regulate the sale of liquor, but not to control the manner in which the board may exercise its discretion in the regulation. *Judgment reversed. All the Justices concur.*