DuBOSE *et al.* v. GORMLEY, superintendent of banks.

No. 12920.   NOVEMBER 29, 1939.

324

*James A. Branch, Thomas B. Branch Jr.,* and *Lowrey Stone,* for plaintiffs.

*Ellis G. Arnall, attorney-general, Duke Davis* and *H. E. Smith, assistant attorneys-general,* for defendant.

ATKINSON, Presiding Justice. In the act of 1919 relating to chartering of banks by the secretary of State (Ga. L. 1919, p. 164) as several times amended, certain official duties preliminary to issuance of certificates of incorporation by the secretary of State are imposed on the superintendent of banks. It is declared in the act (Code, § 13-905) : "The superintendent of banks shall ascertain from the best source of information at his command whether the character and general fitness of the persons named as subscribers to the stock of such bank are such as to command the confidence of the community in which such bank is proposed to be located, and whether the public convenience and advantage will be promoted by its establishment. If so satisfied he shall . . issue . . a certificate approving the granting of the charter for such bank and shall transmit a copy of such certificate of approval to the secretary of State, who shall enter the same of record in his office. . . If the superintendent shall not be satisfied that the establishment of the bank, as proposed, is expedient and desirable, he shall . . notify the secretary of State, in writing, that he refuses to approve the granting of a charter, and upon such notice any applicant aggrieved may avail himself of the right of mandamus, as provided in section 13-1701," of the Code. The provision in § 13-1701 is that the aggrieved person "may institute appropriate proceedings in the nature of a mandamus against the superintendent, in the superior court of the county in which such bank is sought to be incorporated . . which proceeding shall be tried as in other cases of mandamus." Concerning the trial of the mandamus proceeding against the superintendent of banks in the superior court it is declared in the Code, § 13-1702: "On the trial of any such cause the superintendent shall have the right to intro-

326

duce evidence to sustain or tending to sustain his action or refusal to act in the premises; and if from the evidence in the case the court is of the opinion that such permit, or authority, or certificate has been wrongfully or improperly refused or withheld by the superintendent, and that the facts and circumstances authorize and require the granting of such permit, authority, or certificate . . the court shall render an order, judgment, or decree directing the superintendent of banks to issue such permit, authority, or certificate, . . and thereupon the superintendent shall issue . . the same, and may state, in any permit, authority or certificate issued by him under such order, that the same is done by order of the court." In the Code, § 13-1703, it is declared: "A bill of exceptions may be sued out by either party who may be dissatisfied with the judgment, and the cause may be carried to the Supreme Court as in other cases of mandamus proceedings." It is apparent that the legislature has provided special proceedings for incorporating banks by the secretary of State, and by the foregoing sections of the Code has prescribed special procedure to accomplish the object. These include reference by the secretary of State of applications for certificates of incorporation to the State superintendent of banks for investigation, and approval or disapproval. If disapproved, any aggrieved applicant, after report has been made to the secretary of State, is given a special remedy by "proceedings in the nature of a mandamus against the superintendent, . . which proceeding shall be tried as in other cases of mandamus," and finally provision is made for writ of error to the Supreme Court to review the judgment of the superior court.

The whole legislation on the subject shows a complete special system applicable to the subject of chartering banks. The superintendent is not given power arbitrarily to grant or refuse a certificate of incorporation, but on the basis of facts, and those derived from the best source of information at his command, he must be "satisfied" whether or not the application should be granted. This is not the grant of an absolute discretion to grant or refuse a certificate of incorporation, but his satisfaction or dissatisfaction must depend on the facts of the particular case. The first right of the applicant, under the Code, to be heard or complain, comes after the superintendent has completed all the duties imposed on him. Any aggrieved applicant is then afforded the right to bring the su-

perintendent into court, by suit *in the nature of mandamus.* This is not to compel him to act, because he has already acted; not an appeal, because there has been no judgment of a tribunal from which an appeal can be taken. It is an original suit, the subject-matter of which is the refusal of the certificate of charter in the circumstances of the particular case, as they actually exist, whether or not they were considered by the superintendent of banks. If on the trial of that suit the court, after hearing evidence, is of the opinion "that the facts and circumstances authorize and require the granting" of a certificate, the *court* renders judgment directing the superintendent to issue the permit; whereupon he must issue a certificate without further question. It is the court's opinion based on the facts and circumstances as made to appear by the evidence submitted at the trial that determines whether a certificate shall issue. The instant case is on demurrer to the petition. The court could well say that the application complied with requirements of the law, and that the allegations of fact in the petition as amended, if sustained by evidence submitted at the trial, would authorize and require the conclusion that the character and general fitness of the applicants are such as to command the confidence of the community in which the bank is to be located, that the public convenience and advantage will be promoted by establishment of the bank, and that such establishment as proposed is expedient and desirable. The allegations of such character are sufficient to state a cause of action for the relief sought, and it was erroneous to dismiss the action on general demurrer. The case does not come within the general rule as stated in the Code, § 64-102, inhibiting the issuing of the writ of mandamus "to a public officer who has an absolute discretion to act or not, unless there is a gross abuse of such discretion." The ruling in *McGinty* v. *Gormley,* 181 *Ga.* 644 (2) (183 S. E. 804), relating to discretion of the superintendent of banks in the matter of closing insolvent banks, did not involve any such question as that presented in the instant case, and is not a precedent for a different ruling.

*Judgment reversed. All the Justices concur.*