MOORE *v.* MAULDIN, commissioner, *et al.; et vice versa.*

Nos. 15270, 15279.   OCTOBER 3, 1945.

*Wheeler, Robinson & Thurmond,* for plaintiff.

*B. Frank Whelchel* and *E. D. Kenyon,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) ▮
The sole question presented under the general grounds is whether

the clerk of the commissioners of roads and revenues of Lumpkin County has a right to keep, in the courthouse, any record or article pertaining to the office of the board of commissioners locked in a receptacle, without supplying each member of the board with a key thereto.

The board of commissioners of roads and revenues of Lumpkin County was created by the act approved August 11, 1919 (Ga. L. 1919, p. 682). Under section 14 of the act, it is provided among other things that they have jurisdiction "In controlling and directing all property of said county as they may deem expedient according to law." Also, that they "shall have jurisdiction and full control . . in making such rules and regulations as they may deem best for the interest of said county governing all minor officers and employees appointed by them." Under section 10 of the act, making provision for a clerk, his duties are defined as being "to keep a record of all the actings and doings of said board at the courthouse in said county; said records to be open for inspection of any citizen or citizens of said county at all times, if the same does not conflict with the meetings of said board, and said clerk shall keep all books and records in a neat, and first-class condition at all times."

Where an act is within the power of the county commissioners, the manner of doing it must be largely left to their discretion, and that discretion must be a broad one. There should be no interference had unless it is clear and manifest that they are abusing the discretion vested in them by law. *Commissioners of Habersham County* v. *Porter Mfg. Co.,* 103 *Ga.* 613 (30 S. E. 547); *Dyer* v. *Marlin,* 132 *Ga.* 445 (64 S. E. 475); *Dunn* v. *Beck,* 144 *Ga.* 148 (86 S. E. 385); *Terry* v. *Wade,* 149 *Ga.* 580 (101 S. E. 539); *Thomas* v. *Ragsdale,* 188 *Ga.* 238 (3) (3 S. E. 2d, 567).

It is clear that under this act the direction and control of the property of the county was delegated to the commissioners. The books and records kept by them are part of the county property, and the manner in which these books and records are preserved and used is a matter within the discretion of the board. There being evidence to establish that the board delegated their custody to the clerk and placed the responsibility for their preservation upon him, and that he kept certain specified records locked up but available to any commissioner or citizen upon request, therefore whether

this plan of handling the books and records was an abuse of discretion vested in the board was a question of fact for the jury (*Terry* v. *Wade,* 149 *Ga.* 580 (3), 101 S. E. 539); and the jury having found upon this issue against the petitioner for mandamus, the court did not err in overruling the motion for new trial on the general grounds.

Both grounds of the amended motion are in effect amplifications of the general grounds, and are controlled by the rulings above made. Neither was the charge of the court argumentative or prejudicial by reason of having repeated a certain principle of law which was applicable and germane to the issues involved; nor was it error in failing to define "clerical or ministerial functions and duties," in the absence of a proper request therefor.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur, except Candler, J., disqualified.*