18837.   PERSONS, Supt. of Banks, *v.* MASHBURN *et al.*

Submitted January 11, 1955—Decided February 14, 1955—
Adhered to on rehearing March 16, 1955.

*Eugene Cook, Attorney-General, F. Douglas King, J. Julian Bennett, Assistant Attorneys-General, John S. Wood,* for plaintiff in error.

*Leon Boling, R. Wilson Smith, Robert J. Reed,* contra.

DUCKWORTH, Chief Justice. ■ By the provisions of Code (Ann. Supp) § 13-901 (Ga. L. 1919, p. 164; 1920, p. 105; 1927, p. 200; 1931, p. 156; 1935, pp. 101, 102; 1943, pp. 249, 250), persons desiring a charter for a bank are authorized to apply to the Secretary of State, the official empowered by the Constitution, art. 3, sec. 7, par. 17 (Code, Ann., § 2-1917), to grant bank charters. The Secretary of State is required by the law to deliver a copy of said application to the Superintendent of Banks. The duties of the Superintendent of Banks—to make investigation and to issue his certificate of approval or disapproval of the application—are clearly set forth in Code (Ann. Supp.) § 13-905 (Ga. L. 1925, p. 132; 1949, p. 308; 1951, pp. 287, 288). These duties require him to determine the character and reputation and financial status of the organizers, their motives in seeking the charter, the need for additional banking facilities; to give consideration to the adequacy of proposed capital and surplus, the ability of the community to support the proposed bank, and the character, financial responsibility, and experience of proposed officers and stockholders. While the statute provides for the exercise of discretion by the Superintendent on the foregoing subjects, it further provides that he shall not approve the application until he has ascertained to his satisfaction the following facts: (1) that there is a public need for the bank; (2) that conditions in the community reasonably promise success of the bank; (3) that the applicants are acting in good faith; (4) that the proposed capital and surplus are adequate; (5) that the proposed officers and directors have sufficient experience, ability, and standing to afford reasonable promise of successful operation thereof; (6) that the proposed name of the bank is not an infringement upon any other bank; and (7) that the applicants have complied with all applicable State law. This synopsis of the statute demonstrates clearly a legislative intent that all reasonable precautions be taken to avoid an unsuccessful banking venture, which experience has taught is extremely hurtful and demoralizing to any community. It further demonstrates the intention of the

legislature to vest the Superintendent of Banks with broad powers and heavy responsibilities and the ultimate duty to exercise his judgment and discretion in each case of an application for a bank charter, and to issue or withhold his approval of the application for charter in accord with his sound judgment and discretion.

Of course, having made provisions for securing a bank charter in the manner outlined by the statute, the legislature was unwilling that this legislative plan and purpose be arbitrarily or capriciously thwarted or defeated by the Superintendent of Banks in the withholding of his approval of a meritoriuos application for a charter. To meet any such eventuality, Code (Ann. Supp.) §§ 13-1701 and 13-1702 (Ga. L. 1919, p. 187; 1949, pp. 309, 310) were enacted, making available to such applicant the extraordinary remedy of mandamus to compel the Superintendent to exercise his discretion in granting or withholding his approval of such application. This remedy in court does not purport to be a substitute for the action of the Superintendent of Banks. It was enacted with knowledge of the provision of Code § 64-101 relating to mandamus to compel public officials to perform duties laid upon them by law, and the decisions of the court construing that section as it relates to the performance of discretionary duties. This court held in *Southern Bell Tel. &c. Co.* v. *Georgia Public Service Commission*, 203 *Ga.* 832 (49 S. E. 2d 38), that mandamus is not an available remedy to control the official action taken in the exercise of discretion vested by law in a public officer. Although the exercise of such discretion may not be controlled, the officer may be required by this remedy to act and to exercise such discretion according to his own judgment. *Thomas* v. *Ragsdale,* 188 *Ga.* 238 (3 S. E. 2d 567) ; *Moore* v. *Mauldin,* 199 *Ga.* 780 (35 S. E. 2d 511) ; *Rogers* v. *Carr,* 203 *Ga.* 594 (47 S. E. 2d 813).

It is therefore obvious that the remedy of mandamus against the Superintendent of Banks, as provided for by the statute, was available to these applicants not for the purpose of controlling the sound discretion of this public official, but merely to compel him to exercise such discretion and to prevent his acting arbitrarily and capriciously. His action in refusing to approve the application is shown by this record to have been supported by the evidence touching a number of matters which the law re-

quires him to consider; and although the record further shows evidence that would have authorized his approval of the application, such conflict in the facts makes a case for the exercise of the discretion of the Superintendent, and not for the exercise of the discretion of the judge of the superior court. The evidence, therefore, failing to make a clear case of failure or refusal to perform official duties, the court erred in making the mandamus absolute.

■ Since our reversal will leave the case standing for another trial, and since other questions raised by the bill of exceptions may confront the court at that trial, we deem it necessary to rule here upon those questions. There is an exception to the ruling disallowing the introduction of the investigation report upon which the Superintendent of Banks based his refusal to approve the application. There is no merit in this exception. The report is purely hearsay and inadmissible, having no probative value. See *Moody* v. *Gilbert,* 208 *Ga.* 784 (69 S. E. 2d 874), and citations therein. The special ground of the amended motion for new trial is, therefore, without merit.

■ There are in this record and in the brief of counsel for the plaintiff in error voluminous attacks upon the constitutionality of Code (Ann. Supp.) §§ 13-1701 and 13-1702, and extended arguments of counsel in support of these attacks, all of which we have read carefully and, since the constitutional attacks are so utterly without merit, no good purpose will be served by extended discussion of same here. It is sufficient to hold, as we do, that the statutes are constitutional and valid as against the attacks made.

*Judgment reversed. All the Justices concur.*

On Rehearing.

In *Du Bose* v. *Gormley,* 189 *Ga.* 321 (5 S. E. 2d 909), followed in *Beasley* v. *Burt,* 201 *Ga.* 144 (39 S. E. 2d 51), this court construed Code § 13-905 to mean that the Superintendent was not vested with an absolute discretion, and that Code §§ 13-1701, 13-1702, and 13-1703 did not authorize a mandamus action, but merely an action in the nature of mandamus which was not subject to the terms of Code § 64-102, and that, on the trial of such action, the court's opinion based on the facts and circumstances, as made to appear by the evidence submitted at the trial, deter-

mines whether a certificate shall issue. Those rulings were made despite the fact that the statute, as it then stood, empowered the Superintendent to make an investigation, and upon that information to decide whether or not he approved the application for charter, and further that the court could compel him to approve it only when the court finds that approval has been wrongfully or improperly refused, and that the facts and circumstances "authorized and required" the approval thereof.

Counsel base their motion for a rehearing upon these decisions despite the fact that our opinion cites the 1951 amendment (Code, Ann. Supp., § 13-905; Ga. L. 1951, pp. 287, 288), which was enacted subsequently to those decisions. That amendment expressly vests in the Superintendent discretion in deciding whether or not he will approve the charter. It also construes the court procedure to be mandamus, which of course subjects it to Code § 64-102. It is therefore clear that neither of the above decisions is applicable, and that our opinion conforms to the law as amended.

*Judgment adhered to on rehearing. All the Justices concur.*