21531. ASKEW *et al.* v. BRAY, Commissioner, *et al.*

ARGUED JANUARY 17, 1962—DECIDED FEBRUARY 8, 1962.

*Geo. C. Kennedy, H. Briscoe Black,* for plaintiffs in error.

*W. S. Allen, G. C. Thompson,* contra.

*Alston, Sibley, Miller, Spann & Shackelford, John L. Moore, Jr.,* for parties at interest.

DUCKWORTH, Chief Justice.   Counsel have argued the point as to whether quo warranto rather than mandamus is the proper remedy, and we might question whether the intervention in a mandamus proceeding was authorized by law; but the general demurrer of respondents was sustained, and that judgment is properly excepted to and is presented for review, hence enabling us to decide the case without reference to the intervention.   Also, in order to determine if mandamus is the proper remedy, it is necessary to look to the law (*Code Ann. Ch.* 99-15; Ga. L. 1941, pp. 241, 250; 1949, pp. 1141, 1142) and the resolution adopted by the county governing authority pursuant thereto.   If the statute (*Code Ann.* § 99-1503) imposes upon the county commissioners the duty of electing successor trustees, and they have refused to perform that duty, then mandamus is an available remedy for the petitioning taxpayers to compel performance of that duty.   *Code* §§ 64-101, 64-104; *Thomas v. Ragsdale,* 188 Ga. 238 (3 SE2d 567).   Hence the procedure is the proper one.

But when we examine the law, we find that the act created this hospital authority as a "public body corporate and politic," and provides that it could be activated only by a resolution by the county commissioners declaring that there was need for an authority to function in the county.   This law further provides that the authority shall consist of a board of not less than five nor more than nine trustees to be appointed by the governing body of the county for such term as may be authorized by the resolution thereinafter provided for.   The resolution thus referred to is the one finding a need for the authority.   Thus is

provided for the activation and setting up of a governing body for the authority. This having been done, the corporation is completed and in full existence with no mentioning at this point of how succeeding trustees are to be appointed. However, in the next section (*Code Ann.* § 99-1504) it is provided that: "The trustees shall be residents of the participating units comprising the authority, but their successors shall be appointed as provided for by such resolution."

Conforming to the foregoing provisions of the statute, the county commissioners adopted the one resolution required of them by the law in which they found a need for the authority; appointed seven trustees for various staggered terms of years to be determined by lot, and provided therein for the appointment of successor trustees by the trustees themselves, the wording being that it shall be a self-perpetuating board of trustees. Having adopted the resolution containing such provisions, the county commissioners performed every duty that the law put upon them concerning the activation, organization and continuation of the authority.

But counsel for the applicants insists that the provisions of the law requiring the commissioners to appoint trustees and fix their terms is a continuing duty embracing the appointment of successor trustees. His reply to the provision of *Code Ann.* § 99-1504, which says that successor trustees shall be appointed as provided for by such resolution is that this relates only to other provisions of the law in *Code Ann.* § 99-1503, dealing with more than one city or county and providing for the appointment of trustees for each participating unit. While there is some plausibility in that argument, we think it overlooks the fact that the duty to activate and organize by appointing trustees and fixing their terms is imposed precisely alike upon the governing units, irrespective of their number, and it all requires only one resolution by each; and such resolution must provide how successor trustees shall be named. We are here dealing with an authority embracing only one county, and its resolution discharged every duty laid upon the county commissioners relating to the appointment of trustees and providing how successor trustees shall be appointed. It follows that the defendants had

no duty to perform the act of appointing successor trustees, which the petition sought to compel them to perform; hence no cause of action is alleged, and it was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*