28645. WOLFE et al. v. HUFF et al.

Gunter, Justice.

This appeal results from a contest between the Board of Commissioners of Clarke County and the Sheriff of Clarke County. When the sheriff (appellee here) filed this action below the Commissioners were in the process of establishing a county police force pursuant to Chap-

ter 23-14 of the Georgia Code. He alleged that the Commissioners had no authority to establish a county police force or to "perform this act of removing police functions from the jurisdiction of the Sheriff of Clarke County, Georgia, and placing police functions under the jurisdiction of the Board of Commissioners of Roads and Revenues of Clarke County, Georgia." His complaint sought to enjoin the commissioners from "creating a new county police force under the defendants' (commissioners) sole jurisdiction and direction."

The trial judge conducted a hearing and then entered an interlocutory injunction granting some relief to the sheriff, but not very much. However, the commissioners have appealed from the judgment granting a temporary injunction.

First, the trial judge did not enjoin the Commissioners from establishing a county police force pursuant to Chapter 23-14 of the Georgia Code. He merely enjoined the commissioners "from interfering with or impeding the plaintiff [sheriff] or his deputies in their efforts to preserve the peace and enforce the criminal laws enacted pursuant to the Constitution of Georgia." This ruling, as we interpret it, merely meant that the commissioners could not divest the sheriff of his power and duty to enforce the laws and preserve the peace. See *Elder v. Camp,* 193 Ga. 320 (18 SE2d 622). We think that this ruling was correct. Even when a county police force is established, the power and authority of the sheriff to enforce the law and preserve the peace is not legally diminished. Both should act cooperatively and in concert to achieve this desired purpose. Therefore, this part of the temporary injunction was not erroneous.

Second, the trial judge enjoined the commissioners from "denying the plaintiff [sheriff] or his deputies the use of any equipment belonging to Clarke County procured for the purpose of preserving the peace or apprehending violators of the criminal laws enacted pursuant to the Constitution of Georgia." We think this part of the temporary injunction was erroneous. The board of commissioners, being the fiscal authority for the county, is responsible for the levying of taxes for the purpose of purchasing equipment for the county to be

used for county purposes. The commissioners are therefore responsible for the manner in which all county equipment is used, and since they are responsible for its use, they must also have authority to control its use. By virtue of this fiscal authority and responsibility, the commissioners have the right to deny the use of county property to any county officer if the same is used by the latter in a wasteful, negligent, or ineffective manner. Furthermore, Ga. L. 1966, p. 2113, provides for a budget for the Clarke County Sheriff's office which includes equipment. We hold that this part of the temporary injunction was erroneous.

The third part of the trial judge's temporary injunction enjoined the commissioners as follows: "From denying to the plaintiff the assistance of any county police employed by the defendants whose assistance is required by the plaintiff for the preservation of the peace or the enforcement of any criminal laws enacted pursuant to the Constitution of Georgia. This subparagraph shall not be construed as denying to the defendants the right to assign any county police employed by them to the performance of such duties authorized by Chapter 23-14 of the Georgia Code Annotated to be performed by county police as may be designated by the defendants and which are not in conflict with the provisions of this injunction. The remaining prayers of the plaintiff for injunction are denied."

We interpret this third provision of the trial judge's temporary injunction to mean that the commissioners cannot prevent its police force from cooperating with the sheriff in the enforcement of the laws and the preservation of the peace in Clarke County. On the other hand, we also construe this provision to mean that the county police force is not under the control and direction of the sheriff. Code § 23-1405 provides that the commissioners shall make rules and regulations for the conduct, management and control of county police. And Code § 23-1407 provides that the county police shall serve at the pleasure of the commissioners and may be removed from office at any time at the will of the commissioners.

In view of these statutory provisions we feel that the

interpretation that we have placed upon this third provision in the temporary injunction is the only interpretation that can be placed upon it, and, interpreting it in this manner, this injunctive prohibition was not erroneous.

It appears to us that the trial judge attempted to harmonize the conflicting claims between these two law enforcement agencies in a most reasonable manner.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED FEBRUARY 1, 1974 — DECIDED APRIL 4, 1974.

*Nicholson & Turnage, John Ray Nicholson,* for appellants.

*Guy B. Scott, Jr.,* for appellees.