### 29292. WOLFE et al. v. HUFF.

NICHOLS, Presiding Justice.
This is the second appearance of this case before this court. On the first appearance, *Wolfe v. Huff,* 232 Ga. 44 (205 SE2d 254), it was held that the prior judgment (a temporary injunction) prohibiting the county commissioners of Clarke County from "interfering with or impeding the plaintiff [sheriff] or his deputies in their efforts to preserve the peace and enforce the criminal laws enacted pursuant to the Constitution of Georgia,"

was not error. It was further held that this rule "meant that the commissioners could not divest the sheriff of his power and duty to enforce the laws and preserve the peace."

After the remittitur from this court was made the judgment of the trial court, the defendants' (county commissioners) counterclaim for declaratory and equitable relief came on for a hearing. On such hearing the proposed budget of the sheriff for the forthcoming fiscal year was introduced into evidence as was such budget as finally approved by the county commissioners of Clarke County and the budget approved for the police department of Clarke County. The only oral testimony adduced came from the sheriff and one member of the Board of Commissioners of Roads and Revenues of Clarke County.

On both direct and cross examination, the county commissioner testified that there were no funds included in the sheriff's budget for the upcoming fiscal year by the Board of Commissioners for law enforcement functions other than court functions. Such commissioner also testified that it was the intent of the county commissioners to take control of all equipment used in law enforcement at the beginning of such fiscal year.

After such hearing the trial court entered a finding of fact, conclusion of law, final judgment as to declaration of rights, and interlocutory judgment as to injunction which consisted of 18 pages. Relying upon the decision of this court in *Thomas v. Ragsdale,* 188 Ga. 238 (3 SE2d 567), the trial court held that the action of the Commissioners of Roads and Revenues of Clarke County in refusing to provide any funds whatsoever to the sheriff for law enforcement purposes was a refusal to exercise discretion and that under such circumstances the court may compel the exercise thereof. Thereafter, based upon the finding of fact that the commissioners had refused to provide any funds to the sheriff for law enforcement purposes the trial court entered a judgment declaring the right of the commissioners to establish a Clarke County police force subject to the direction and control of the county commissioners but precluding such commissioners from preventing the members of such

police force from cooperating with the plaintiff and precluding such commissioners from interfering with the power or authority of the sheriff and declaring that such commissioners were under a duty to adopt a budget making reasonable and adequate provision for the personnel and equipment necessary to enable the sheriff to perform his duties of enforcing the law and preserving the peace in Clarke County as well as requiring the commissioners to assign and allocate property belonging to the county for law enforcement purposes between the county police force and the sheriff's department. The trial court then entered an injunction requiring the parties to act in accordance with the declaration of rights. The appeal is from this judgment.

Whereas in this case the evidence authorized a finding that the County Commissioners of Clarke County had removed from the sheriff's proposed budget all funds for law enforcement purposes, the finding that this was an attempt to do indirectly, by the exercise of their fiscal authority and their control of the county property, that which they could not do directly was not error.

Based upon the above holding the remaining enumerations of error which complain of the requirements in such judgment requiring the county commissioners to adopt a budget providing the funding and equipment necessary to assist the sheriff in performing the official duties of his office were not error, nor under such circumstances was it error to require the county commissioners to provide funds on a monthly pro rata basis in accordance with the prior approved budget and not to interfere with the control of equipment acquired by the county for the purpose of preserving the peace and enforcing the law during past fiscal years until such budget was finally adopted was not error.

*Judgment affirmed. All the Justices concur.*

Argued October 16, 1974 — Decided November 5, 1974.

*William G. Solomon, John Ray Nicholson,* for appellants.

*Guy B. Scott, Jr.,* for appellee.