37963. CHATHAM COUNTY et al. v. MULLING et al.

CLARKE, Justice.

This is a mandamus action in which two issues are raised. The first issue is whether the Chatham County Commissioners or the Judge of the Municipal Court of Savannah has the authority to determine the number of deputy sheriffs assigned to the court. The second issue is whether the county commission is required to exercise its discretion in determining the need to appoint a judge pro tempore to assist in the handling of the business of the Municipal Court.

Although it is not expressly raised as a question for determination, there is a broader consideration which this court must face in deciding this case. That consideration is the status of the Municipal Court and its judge as it relates to the general principles of constitutional law and whether those general principles are to be considered in this case.

The judge and sheriff of the Municipal Court of Savannah brought this action to compel the county commissioners to provide the court and sheriff's department with additional personnel and equipment which they allege is necessary for the proper functioning of the court. The trial court, after taking evidence, granted partial relief by ordering the commissioners to hire two additional deputies as recommended by the municipal judge and further ordered the commissioners to exercise their discretion to determine whether or not a judge or judges pro tem should be appointed as requested by the municipal judge. The commissioners appeal.

1. The Municipal Court of Savannah exists under the authority granted by an act of the General Assembly. Ga. L. 1969, p. 2857. Although no constitutional attack has been made on this act, the authority of local government to control judicial officers and court personnel is questioned. The authority relied on in this connection involves constitutional officers of the state who are governed by general law and we find that it is not applicable in the case before us.

The state constitution authorizes the legislature to establish municipal courts in certain counties by law. Code Ann. § 2-3601; see Code Ann. § 2-3001. In Code Ann. § 2-4501 the constitution further provides that the legislature may abolish courts not specifically enumerated in Code Ann. § 2-3001. Those courts enumerated in Code Ann. § 2-3001 are constitutional courts of this state and may not be interfered with by legislation. *Williams v. State,* 138 Ga. 168 (74 SE 1083) (1912). A municipal court is not an enumerated constitutional court. In *Feagin v. Freeney,* 192 Ga. 868 (17 SE2d 61) (1941), this court held that a municipal court judge "is a constitutional judicial officer only in the sense that he is the judge of a court authorized by the constitution to be created." *Feagin,* at 871. Since a municipal court and its officers are not state constitutional officers, questions relating to the powers and duties at issue here must be resolved solely by interpretation of the act of the General Assembly creating their particular court. For the same reason, this is not a case involving the broad questions of separation of powers or inherent powers. Since we are concerned only with the interpretation of a special act of the legislature, our holding is limited to a court created by such an act. We do not deal in this case with the inherent powers of constitutional courts.

2. The appellants contend that the hiring of deputies of the municipal court is within the control of the Chatham County Commissioners based upon the 1969 Act. The trial court held that the power to determine the need for additional deputy sheriffs was conferred upon the judge of the municipal court. Based upon this

holding he then found the commissioners had no discretion to deny appropriations for additional deputies once a showing is made that additional deputies are necessary for running municipal court; he held that the burden shifted to the commissioners to show additional personnel were not necessary.

The relevant portions of the 1969 Act provide as follows:

"Section 23. (a) The Chatham County Commissioners shall provide and maintain a suitable place for holding said Court in the Courthouse or at some other place in the City of Savannah as near to the Courthouse as may, in the discretion of the County Commissioners, be conveniently and reasonably obtained; and they shall also provide the necessary furniture, blanks, books, typewriters, stationery and all other expenses of the said Court. Said County Commissioners are empowered and directed to fix, regulate, prescribe, and pay the salaries of the Clerk, deputy clerks, Sheriff, deputy sheriffs, and Secretary of the Municipal Court of Savannah out of the funds of said County.

"Section 33. There shall be a Sheriff and a Clerk of the Municipal Court, appointed by the Chatham County Commissioners on recommendation of the Senior Judge, whose term shall coincide with that of said Senior Judge. In the exercise of a sound discretion, the Chatham County Commissioners may remove them from office whenever the interests of the Court so require.

"Section 34. There shall be a chief deputy sheriff, a chief deputy clerk and as many additional deputy sheriffs and deputy clerks as may be necessary to carry out promptly and efficiently the business of said Court. They shall be appointed by the Chatham County Commissioners on recommendation of the Senior Judge and may be removed on any ground which may be included in the Chatham County Civil Service regulations." Ga. L. 1969, pp. 2857, 2867, 2871.

The issue here is whether the commissioners have discretion in determining if additional deputies or clerks are "necessary to carry out promptly and efficiently the business of said Court." Section 33, supra. The trial court held that the language "shall be appointed . . . on recommendation of the Senior Judge. . . ." in Section 33 gave the judge the power to control the number of additional deputies. We disagree. As set out above, the commissioners have the power to regulate and fix salaries of municipal court personnel. We hold that the language of Section 34, like that in Section 33, gives the municipal court judge the power to recommend individuals to fill the positions in question. However, we find that the power to create additional positions is in the discretion of the Chatham County Commission.

Since the hiring of additional personnel is a matter in the

discretion of the commissioners, the trial court erred in ordering that two additional deputy sheriffs be hired. We note, however, that the trial court found that the commissioners had given no consideration to the needs of the court in rejecting the request for additional deputies. He further found severe problems exist in the functioning of the municipal court because of lack of sufficient personnel: he held that the failure to consider the needs of the court amounted to a gross abuse of discretion. Although a court may not direct the manner in which public officers exercise discretion, it may compel an officer to exercise his discretion. *Thomas v. Ragsdale,* 188 Ga. 238 (3 SE2d 567) (1939). In reviewing the discretionary acts of public officers the superior court should not interfere unless a clear abuse of discretion is shown. *Dunn v. Beck,* 144 Ga. 148 (86 SE 385) (1915). Although it was error to order the hiring of additional deputies by mandamus at this stage, the superior court's findings support the relief discussed in division 3, infra.

3. It is undisputed that Section 29 of the act gives the commissioners discretion to appoint a judge pro tempore to assist in handling the business of the municipal court. The law provides that such appointment be made "whenever in the opinion of the Chatham County Commissioners the case load of the Municipal Court of Savannah has become too voluminous. . . ." Ga. L. 1969, p. 2870. The trial court again pointed out the massive increase in caseload, the reduction of fulltime judges from two to one and evidence that the commissioners had appointed judges pro tempore to assist in other inferior courts in Chatham County. He found that requests for a judge pro tempore had been summarily denied with no consideration for the functioning and caseload of the court. As to the appointment of a judge pro tempore as well as appointment of additional deputies, the court ruled that the failure of the commission to consider the needs of the municipal court amounted to an arbitrary and capricious gross abuse of discretion, and thereby found a failure to exercise the discretion required by law. Based on these findings he ordered that the commissioners must exercise their discretion in determining whether a judge pro tem be appointed and that the discretion must relate to the proper and efficient running of the municipal court. We find no error in the trial court's finding a gross abuse of discretion for failure to consider the needs of the court in this action. The judgment ordering the commissioners to exercise their discretion as to the appointment of a judge pro tempore is affirmed. On remand, the court may consider similar relief regarding the hiring of additional deputy sheriffs.

*Judgment affirmed in part; reversed in part, and remanded. All the Justices concur.*

Decided February 9, 1982.

*Fred S. Clark, Molly S. McKibben,* for appellants.
*John Wright Jones,* for appellees.