S06A1633. BLAND FARMS, LLC et al. v. GEORGIA DEPARTMENT OF AGRICULTURE et al.
(637 SE2d 37)

CARLEY, Justice.

Appellant-plaintiffs are growers and sellers of Vidalia onions. They brought a mandamus action, asserting that Appellee-defendants Department of Agriculture (Department) and Commissioner of Agriculture (Commissioner) are not enforcing certain rules and regulations promulgated in connection with the Vidalia Onion Act of 1986 (Act), OCGA § 2-14-130 et seq. The specific regulations at issue relate to the testing and reporting of the pungency level of Vidalia onions and to the use of pungency test results in promotional material. Some Vidalia onion producers are adding "Certified Sweet" or "Certified Extra Sweet" trademarks to their Vidalia onion labels and advertisements. These trademarks are licensed by the National Onions Labs and are based on a testing system called "Sweetometer." Appellants contend that use of these additional designations is prohibited by the regulations and that, consequently, Appellees have the official duty to order the Vidalia onion producers to cease using them. After conducting a hearing, however, the trial court denied the claim for mandamus relief. Appellants appeal from that order.

Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy. It is a discretionary remedy that courts may grant only when the petitioner has a clear legal right to the relief sought or the public official has committed a gross abuse of discretion. [Cits.] In general, mandamus relief is not available to compel officials to follow a general course of conduct, [cit.] perform a discretionary act, [cit.] or undo a past act. [Cit.]

*Schrenko v. DeKalb County School Dist.*, 276 Ga. 786, 794 (3) (582 SE2d 109) (2003).

The duty which a mandamus complainant seeks to have enforced "must be a duty arising by law, either expressly or by necessary implication; and the law must not only authorize the act be done, but must require its performance." [Cits.]

*Gilmer County v. City of East Ellijay*, 272 Ga. 774, 776 (1) (533 SE2d 715) (2000). Appellants do not cite any authority for the proposition that Appellees have the specific duty to prohibit the use of the "Certified Sweet" and "Certified Extra Sweet" trademarks. Instead, they rely on OCGA § 2-14-132.1, which provides, in relevant part, that the Commissioner "is authorized to take all actions necessary and appropriate to create, register, license, promote, and protect a trademark for use on or in connection with the sale or promotion of Vidalia onions and products containing Vidalia onions." However, this statute simply confers on the Commissioner the general discretionary authority to undertake to protect the Vidalia trademark, and does not impose on him the express official duty to prohibit the use of other trademarks on Vidalia onions.

"Where the duty of public officers to perform specific acts is clear and well defined and is imposed by law, and when no element of discretion is involved in performance thereof, the writ of mandamus will issue to compel their performance. But the mere authorization to act is insufficient unless the law requires performance of the duty." [Cit.]

*Forsyth County v. White*, 272 Ga. 619, 620 (2) (532 SE2d 392) (2000). Mandamus can be used to compel an official to exercise his or her discretion, but not to direct the manner in which that discretion is exercised. *Chatham County v. Mulling*, 248 Ga. 878, 881 (2) (286 SE2d 735) (1982). Thus, OCGA § 2-14-132.1, as a general grant of

discretionary authority to the Commissioner, does not support Appellants' claim for mandamus relief.

Appellants urge that the "Certified Sweet" and "Certified Extra Sweet" labeling does not comply with the regulations prescribed by the Commissioner and that he has an official duty to enforce those regulations. OCGA § 2-14-133 (a) authorizes the Commissioner to promulgate regulations regarding the "labeling, and marketing practices for the marketing of onions in this state . . . ." However, OCGA § 2-14-135 also clearly provides that the civil enforcement of the regulations is a matter which lies within the Commissioner's discretion. Subsection (a) of that provision authorizes the Commissioner to initiate administrative proceedings to recover a penalty against "[a]ny person who violates any provision of this [Act] or who violates any rule or regulation issued by [him] . . . ." Subsection (b) of OCGA § 2-14-135 also provides, in part, that,

> [w]henever in the judgment of the Commissioner any person has engaged in or is about to engage in any act or practice which constitutes or will constitute any violation of this [Act], the Commissioner may make application to the superior court of the county where such person resides or, if a nonresident of this state, to the superior court of the county where such person is engaged in or is about to engage in such act or practice, for an order enjoining and restraining such act or practice.

Appellants do not contend that the Commissioner has failed to exercise his discretion and consider whether use of the "Certified Sweet" and "Certified Extra Sweet" labeling is a violation of the regulations and, if so, whether to initiate administrative or judicial proceedings against the growers who are using them. Instead, they object that, in the exercise of his discretion, he has failed to find a violation and seek legal recourse to stop the practice. However, "mandamus is not an available remedy to control the official action taken in the exercise of discretion vested by law in a public officer." *Persons v. Mashburn*, 211 Ga. 477, 480 (1) (86 SE2d 319) (1955). An

> agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all. . . . Similar concerns animate the principles of administrative law that courts generally will defer to an

agency's construction of the statute it is charged with implementing, and to the procedures it adopts for implementing that statute. [Cits.]

*Heckler v. Chaney*, 470 U. S. 821, 831-832 (II) (105 SC 1649, 84 LE2d 714) (1985). Accordingly, the trial court correctly denied Appellants' mandamus petition.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 2006.

*Balch & Bingham, Michael J. Bowers, Hugh B. McNatt, T. Joshua R. Archer*, for appellants.

*Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, John E. Hennelly, Timothy J. Ritzka, Assistant Attorneys General, Morris, Manning & Martin, Lawrence H. Kunin, David A. Rabin, John R. Harris*, for appellees.